## THE BANK OF CHILLICOTHE *vs.* DODGE.

A draft issued by a banking institution, payable at a future time, is utterly fraud-
ulent and void, as being prohibited by statute; and no person, by any act, can
give validity or vitality to it as commercial paper any where.

And where money is advanced upon such a draft, in good faith, by a corporate
body of another state, who are not presumed to have notice of our statutes,
they are entitled to recover the same back; the money thus advanced being
considered as having been paid without consideration.

A foreign corporation advancing money upon a draft issued by a banking insti-
tution of this state, in violation of a statute, stand in the same situation as if
the money had been paid by them under a mistake as to material facts.

Ignorance of the law of a foreign government is ignorance of fact. And in this
respect the statute laws of the other states of this union are foreign laws.

THIS was an action of assumpsit. The declaration contained
the ordinary counts for money lent and advanced, paid, laid out
and expended, money had and received, an account stated, and
five special counts. The first special count alledged in sub-
stance that the plaintiffs, at the time of the making of a draft
or bill of exchange therein mentioned and set forth, were a body
corporate, duly incorporated by an act of the general assembly
of the state of Ohio, and were lawfully engaged in the business
of banking, and buying and selling and discounting bills of ex-
change, of credit, drafts, checks, promissory notes, and other evi-
dences of debt, and in making exchanges at Chillicothe, Ohio,
to wit, on the 14th of October, 1839. That on that day the
defendant Dodge, in consideration that the plaintiffs would dis-
count and advance the money to defendant for a bill of exchange
in the following words:

"Farmers' Bank of Seneca County.                      $5,000.

Three months after date pay to the order of R. D. Dodge,
five thousand dollars, and charge this institution. Romulus,
Sept. 30th, 1839.                      G. P. HOSMER, A. Cash.

To Walter Mead, Esq., Cash. New-York."

Indorsed   "Pay D. B. Dodge or order.   REUBEN D. DODGE,
                                      D. B. DODGE."

He, Dodge, the defendant, undertook and promised the plaintiffs that the said Farmers' Bank of Seneca County was an incorporated banking institution, and as such had the right and was authorized to make and issue said bill of exchange, and that the said bill was a valid and available bill of exchange; that the plaintiffs, confiding in such promise, did, on the 14th of October, 1839, at Chillicothe, discount said bill, and advance to the defendant therefor $4928,33; that the defendant did not regard his promise, &c. but defrauded the plaintiffs in this, that at the time of the making such promise, &c. there was not, and never had been, any such incorporated banking institution as the Farmers' Bank of Seneca County, authorized and having a right to make and issue said bill of exchange; by means whereof the said bill of exchange was invalid, unavailable and worthless, to the plaintiffs' damage of $10,000. The 2d, 3d, 4th and 5th counts were in substance the same as the first. The plea was the general issue, with an affidavit in due form annexed to the same, made by the defendant, alledging that he never at any time had been served with, nor had he ever received notice of the non-payment of said bill of exchange, or any notice whatever in relation thereto. The cause came on for trial at the Seneca circuit, on the 3d day of April, 1848, before the Hon. S. L. SELDEN, one of the justices of the supreme court. The plaintiffs proved the defendant's indorsement upon the draft, and read in evidence the several acts of the assembly of Ohio, set forth in the first special count of their declaration. The plaintiffs proved the presentment of the draft to the drawee for payment, the non-payment thereof, and notice to the drawer and indorsers. The plaintiffs' counsel then offered to read the draft in evidence, to the jury; which was objected to by the defendant's counsel, on the ground that the execution of the same had not been sufficiently proved. The objection was overruled, and the draft read, under an exception to the decision. The draft was engraved on paper similar to bank bills, and bore the similitude of bank bills. A commission, with the testimony taken under it, was then produced by the county clerk, who testified that the same, enclosed in an envelope, was received

The Bank of Chillicothe v. Dodge.

by him and filed May 1st, 1847, and had remained in his custody ever since. The commission purported to have been issued out of this court, directed to James S. McLean and John J. Robinson, to take the testimony of John Woodbridge and Charles A. Woodbridge of Ross county, Ohio. A stipulation was annexed, signed by the attorneys for the respective parties, by which they agreed that the witnesses named should be examined by the commissioners on the interrogatories thereto annexed. And that the answers to the interrogatories, taken by the commissioners, or either of them, and certified, should be returned by mail enclosed under seal to the clerk of Seneca county, and read in evidence, in the same manner as if settled by a judge on the trial of the cause. The plaintiffs' counsel then offered to read the commission, to which defendant's counsel objected for the following reasons: 1. Because it did not appear by what authority, if any, the commission was issued. 2. That the stipulation on the back of the interrogatories did not give such authority. 3. That the commission was not properly executed and did not comply with the requisites of the statutes, because the exhibits, to wit, the bill of exchange accompanying said commission, was not subscribed by the witnesses proving the same, and certified by the commissioners, as required by the statutes. Also because the commissioners had not subscribed their names to each sheet of the depositions taken by them; nor was the certificate sealed as required by the statute. The judge overruled the objections, and the commission was then read to the jury, under an exception. It was admitted by defendant's counsel that the interest on the draft was $2777,18. The plaintiffs here rested,

The defendant asked for a nonsuit on various grounds, depending upon the alledged insufficiency of the demand and notice, not necessary to be mentioned.

These objections were overruled by the judge and the motion denied. The defendant's counsel then offered to prove the incorporation of the Farmers' Bank of Seneca County, by papers then in court and verified by the secretary of state, under the general banking law of the state of New-York, passed April 18,

The Bank of Chillicothe *v.* Dodge.

1838; and that the draft in question was issued by said bank; which facts were admitted to be so by the plaintiffs' counsel. The defendant's counsel then objected to a recovery, and moved for a nonsuit on the ground that no suit could be maintained against the defendants, or recovery had, on the draft or otherwise; the bank having no authority to issue the same, and also on the grounds previously insisted upon.

The court overruled all the objections and denied the motion, for the reason that if the fact was as the defendant insisted, that the paper was illegally issued and void, yet, as the plaintiffs, who were non-residents of the state, paid to the defendant himself a full and valuable consideration for it, without notice of its illegality, they might recover, on the common counts, the money they paid the defendant for it, with interest. To this decision the defendant excepted. The testimony being closed, the court charged the jury that the defendant having insisted that the bill of exchange was illegally issued, without authority, and was fraudulent and void, and the proof showing that the plaintiffs paid $4928,33 for it in money, in good faith, they were entitled to recover that sum, with the interest on it; that residing in a foreign state they would not be presumed to be acquainted with the banking laws of this state. The defendant's counsel excepted, and the jury found a verdict for the plaintiffs for the amount of the draft, with interest. And the defendant, upon a case, moved for a new trial.

*J. McAlister*, for the plaintiffs.

*A. T. Knox*, for the defendant.

*By the Court*, JOHNSON, J. The commission was properly issued under the stipulation, and none of the objections taken to the manner of its execution are valid. The names of the commissioners were subscribed to each sheet of the depositions taken by them, and the exhibit was duly certified in the general certificate.

Several objections were taken on the motion for a nonsuit, to

the demand and notice of non-payment of the draft or note. But as there was no recovery upon the draft, but only under the money counts in the declaration, for money lent and advanced to the defendant, these questions are not material here, upon a case.

If the justice who held the circuit was right in his view of the case, the recovery of the money advanced by the plaintiffs to the defendant was proper. There could be no recovery upon the instrument, and no demand or notice of any kind was necessary. If his view was erroneous, a new trial must be granted, of course. The paper negotiated by the defendant to the plaintiffs, upon which the money was advanced, was a time draft issued by the Farmers' Bank of Seneca County, an incorporated banking institution, payable three months after date, to the order of the defendant. The defendant's counsel, upon the trial insisted, and the judge held, that this paper was issued by the bank without authority and was void, and that no recovery could be had upon it. This position was clearly right. The statute forbids such paper to be issued, and it was utterly fraudulent and void. No person, by any act, could give validity or vitality to it as commercial paper, anywhere. And so are all the cases. (*Leavitt, receiver,* v. *Blatchford and others,* 5 *Barb. Sup. C. R.* 9. *Affirmed in court of appeals,* 3 *Comst.* 19.) So far the judge ruled as requested by the defendant's counsel. But the justice went farther, and instructed the jury that as this paper was made void by an act of our state legislature, of which the plaintiffs being non-residents of the state, were not bound to take or supposed to have notice, and as they had in good faith advanced to the defendant the money upon it, they were entitled to recover the money thus advanced. To this part of the charge the defendant's counsel excepted. In this I think the learned justice was entirely correct. The defendant was a resident of this state, and chargeable with a knowledge of all legislative enactments here. The law imputes to him knowledge that this paper, negotiated by him, was utterly void and worthless—no better than mere blank paper. The money was then advanced and paid to him without consideration. It was advanced in

Ohio, and the plaintiffs are a corporate body of that state. They are not presumed to have notice of our statutes. The statutes of our state are only brought to the notice of courts and citizens of that state by proof. Had it been shown that the plaintiffs, or the officers of the bank, had actual knowledge of the statute in question, they might, notwithstanding their non-residence, be placed upon the footing of persons mutually dealing in illegal transactions. But there is no such question here. It is not pretended that officers of the bank had any knowledge in fact of our statute. The cause was evidently tried upon the assumption that the money was advanced upon the draft, in good faith, by the plaintiffs, supposing it to be good. No question of that kind was raised at the trial.

The plaintiffs then stand in precisely the same situation as though the money had been paid by them under a mistake as to material facts. Ignorance of the law of a foreign government is ignorance of fact—and in this respect the statute laws of the other states of this union are foreign laws. (*Haven* v. *Foster*, 9 *Pick.* 112. *Norton* v. *Marden*, 3 *Shepley*, 45.) And this proceeds upon the principle that foreign laws are matters to be proved, like other facts, before even courts can notice them.

It is an elementary principle that money paid under a mistake of material facts, where the party paying derives no benefit from it, may be recovered back.

New trial denied.