ERNEST G. STEDMAN, as Receiver, etc., Appellant, *v.* HERBERT J. DAVIS et al., Respondents.

There is no presumption that a non-resident knows the laws, or public acts or records of a State, and where it is necessary to charge him with knowledge it is a fact to be proved.

This action was brought by a receiver appointed in supplementary proceedings to set aside a general assignment made by the judgment debtor in and under the insolvent laws of Pennsylvania, in which State said debtor resided, because of a failure to record the assignment within thirty days after its execution, which omission the said law declares renders the assignment null and void as to the creditors of the assignor. It appeared that the judgment creditors after learning of the assignment stopped *in transitu* certain goods which had been shipped to the debtor. They first rendered an account to the assignor which included said goods. The assignee consented that they should retain said goods; and accepted a new account in which they were omitted, the attorney of the creditors giving a receipt therefor, which also stated that the matter was in dispute as to whether the goods should be included in the assignment, and that it was agreed between said creditors and the assignee that in case any expense or liability was incurred the creditors would pay it. It did not appear that the creditors when they gave the receipt knew that the assignment had not been recorded. *Held*, that the presumption was the creditors had no such knowledge, and they were not estopped from questioning the validity of the assignment, nor was there an affirmance of it or a waiver of the right to question its validity.

Also *held*, that plaintiff was not bound to return or offer to return the goods for which the receipt was given, as neither the assignor nor assignee ever had any right thereto.

*In re Burke* (1 Parsons' Select Eq. Cases, 470), distinguished.

(Argued May 11, 1883 ; decided June 5, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made the first Monday of October, 1880, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*Edward S. Hatch* for appellant. A creditor cannot be held to have elected to affirm or ratify a void or voidable assignment unless it is proven that he had knowledge of the fact at the time or else that the law held him responsible for such knowledge. (*Manning* v. *Kernan,* 73 N. Y. 45; Burrill on Assignments, 395; *Sanger* v. *Wood,* 3 Johns. Ch. 416; *Beloit* v. *Beale,* 34 N. Y. 473; *Baldwin* v. *Barrows,* 47 id. 199; *Hamlin* v. *Sears,* 82 id. 327; *Clark* v. *Woodruff,* 83 id. 518; Kerr on Fraud and Mistake, 453.) There is no presumption that a creditor residing in a foreign State knows the law or public acts or records of the State where his debtor's assignment is made and executed, and such knowledge becomes a fact to be proven. (3 Parsons on Contracts, 399; *President, etc., of Merchants' Bank* v. *Spalding,* 12 Barb. 302–308; *Combioso* v. *Moffet,* 2 Wah. Cir. Ct. 98; 5 Seld. 53, 62; 2 Kent's Comm. 632 in notes; *Banks of Chillicothe* v. *Dodge,* 8 Barb. 233, 238.) To create an estoppel *in pais* which shall preclude a party from alleging the truth it must be proven that he has made some declaration, or done some act inconsistent with the truth, with a design to influence the conduct of another and that the party alleging it was ignorant of the truth, and relied and acted upon the faith of such acts or declarations and that injury will result to him if the other shall be allowed to gainsay them. (*Sexton* v. *Dodge,* 57 Barb. 84, 113; *Martin* v. *Angell,* 7 id. 407, 410; *Shapley* v. *Abbott,* 42 N. Y. 443; *McMaster* v. *Ins. Co.,* 55 id. 222; *Otis* v. *Sill,* 8 Barb. 102; *Hawes* v. *Merchant,* 1 Curtis, 136; *Jewett* v. *Miller,* 10 N. Y. 402; *Carpenter* v. *Stillwell,* 11 id. 61; *Andrews* v. *Ins. Co.,* 85 id. 334; *Warder* v. *Baker,* 11 Northw. Rep. 342; N.

Y. Daily Register, Dec. 11, 1882 ; *Boerum* v. *Schenck,* 41 N.
Y. 182 ; *Stoughton* v. *Lynch,* 8 Johns. Ch. 209 ; *Fox* v. *Heath,*
16 Abb. Pr. 163 ; *Am. Ex. B'k* v. *Webb,* 36 Barb. 291 ; *C.
& St. L. R. R. Co.* v. *Valentine,* 19 id. 484 ; *Sparrow* v.
*Kingman,* 1 N. Y. 242.) To make a recital act as an estoppel
it must be of something which purports to be within the party's
knowledge and which he directly affirms. ( *Winegar* v. *Fowler,*
82 N. Y. 315 ; *Waring* v. *Somborn,* id. 604 ; *Borst* v. *Corey,*
16 Barb. 136 ; *Cadwell* v. *Colgate,* 7 id. 253.) The receipt of
one's own property is no legal benefit to him. ( *Clark* v.
*Lynch,* 4 Daly, 83 ; *Cawkins* v. *Hueman,* 47 N. Y. 449 ;
*Rodgers* v. *Philips,* 40 id. 519.)

*James M. Townsend, Jr.,* for respondents. This case de-
pends upon the construction of a Pennsylvania statute, and the
decisions of the Pennsylvania courts are, therefore, conclusive.
( *Leonard* v. *Columbia Steam Nav. Co.,* 84 N. Y. 48 ; *Jessup*
v. *Carnegie,* 80 id. 441 ; *Hunt* v. *Hunt,* 72 id. 218 ; Sedg.
Stat. and Const. Law, 425 ; *Seal* v. *Duffy,* 4 Penn. St. 274 ;
*Weber* v. *Samuels,* 7 id. 500 ; *Estate of Burke,* 1 Parsons'
Select Equity Cases [Penn.], 470 ; *Ralston* v. *Johnston,* 5
Phila. 444.) The law as to election and inconsistent positions
is the same here and everywhere as it is in Pennsylvania.
(Hermann's Law of Estoppel, 176, 463, 466, note 2 ; Bige-
low on Estoppel, 574 ; *Palmer* v. *Smith,* 10 N. Y. 303 ; *Bab-
cock* v. *Dill,* 43 Barb. 577 ; *Rapalee* v. *Stewart,* 27 N. Y. 310 ;
*Rodermund* v. *Clark,* 46 id. 354 ; *Hone* v. *Henriquez,* 13
Wend. 240 ; *Moller* v. *Tuska,* 87 N. Y. 166.) The plaintiff
company having received property from the assignee, which
belonged to the other creditors, and which the assignee held in
trust for them, it was bound to return it. ( *Babcock* v. *Dill,*
43 Barb. 577.) In this action the plaintiff company has by its
acts made its election, which is irrevocable. (Hermann on
Estoppel, 463 ; *Rapalee* v. *Stewart,* 27 N. Y. 310 ; *Palmer*
v. *Smith,* 10 id. 303 ; *Babcock* v. *Dill,* 43 Barb. 577.)

MILLER, J. This action was brought by the plaintiff, as re-
ceiver of Andrew M. Smith appointed in proceedings supple-

mental to execution, upon a judgment in favor of the Sonoma Valley Wine and Brandy Company, against said Smith, who was a resident of Philadelphia and who had made a general assignment under the insolvent law of the State of Pennsylvania, and against Davis, the assignee, to set aside the assignment. That law provided that all assignments which were not recorded in the county in which the assignor resided within thirty days after the execution thereof should be considered null and void as against any of the creditors of the assignor. The plaintiff claimed to set aside the assignment on the ground that it was not recorded according to the provision of the statute of Pennsylvania and was, therefore, null and void.

The judge upon the trial found among other things that the creditors represented by the plaintiff have acted under the assignment and have received a benefit from the same; that they have treated with the defendant Davis as assignee and have entered into an agreement in writing with him as assignee reciting the assignment; that they rendered a reduced account to the assignee and agreed to accept a dividend upon the same after the said written agreement had been made and after the failure to record the assignment, and he held as a conclusion of law, that the creditors represented by the plaintiff, as receiver, are estopped from questioning the validity of the assignment, and rendered judgment in favor of the defendants.

Upon appeal to the General Term the judgment was affirmed, as the opinion indicates, upon the ground that there was no question of estoppel, but the creditor having elected to treat the assignment as valid, that was an affirmance.

The question presented upon this appeal is whether the creditor by his acts and conduct waived the right to object to the validity of the assignment on the ground of a failure to record the same as required by the laws of the State of Pennsylvania. It appears that within twenty-two days from the date of the assignment the judgment creditors whom the plaintiff represents transmitted to Davis, the assignee, their bills for wine sold which included two pipes of wine which had been stopped *in transitu* and never delivered to the judgment debtor or his assignee, for

the reason apparently that the assignment had been made before the wine reached its destination. The plaintiff claimed that the bill rendered was incorrect in this respect, and this fact was recognized by the assignee by his consenting that the judgment creditor take the wine and by accepting a new bill for an amount less the price of the two pipes of wine. At this time a receipt was given, by the attorney of the judgment creditor, to the assignee for the wine, which stated that the wine was in dispute as to whether it should be included in the assignment, and it was agreed between the assignee and the Sonoma Valley Wine Company that in case any expense or liability should be incurred, the company would refund the amount of the same to the assignee. There is no evidence which establishes that at the time of the execution of this instrument the company had any knowledge that the laws of the State of Pennsylvania required that the assignment should be recorded, and there is evidence tending to show and from which it might be inferred that they had no such knowledge. We think that, under the circumstances, the presumption is that the creditor had no such knowledge ; the company's place of business was in a State at a great distance from that wherein the debtor resided. There is no presumption that a creditor residing in a foreign State knows the law or public acts or records of the State where his debtor's assignment is made and executed, and such knowledge became a fact to be proven. (*Bank of Chillicothe* v. *Dodge,* 8 Barb. 233 ; *Merchants' Bank of New York* v. *Spalding,* 9 N. Y. 53 ; 3 Parsons on Contracts, 399.)

We must, therefore, assume that the company at the time they made the agreement with the assignee did not know that the assignment was void ; and that their attorney acted in ignorance of the fact that such was the law of Pennsylvania and defendant was bound, therefore, to show such knowledge, on the part of the company, or such an opportunity to learn as would make it chargeable the same as if it had such knowledge. The claim of the respondents' counsel that the rendition of the account, including the two pipes of wine, which were

not received, was an admission of the sale of the wine which bars any claim that it was not included in the assigned property, is not well supported. The fact that it remained in the hands of the consignee for some time is not conclusive, as the evidence shows that a portion of the wine was never delivered; that the right to the same in the assignee was disputed and that it was finally surrendered to the company. It is no answer to say that the agreement made remains an open and unsettled contract which recognizes any right of the assignee to the wine, for it is evident that the wine was stopped *in transitu* for a sufficient reason and that the company was entitled, as the transaction indicates, to the same. It is insisted that the courts of Pennsylvania have construed the statute to mean that an assignment not recorded within thirty days is voidable and not void; that it is for the creditor to avoid or confirm it but it is binding until avoided. We have examined the cases cited to sustain this position and we think they do not uphold the doctrine that a creditor, who seeks to avoid an assignment by an action for that purpose upon the ground that the statute has not been complied with, is precluded from maintaining such action under the facts presented in the case at bar, where the presumption is that the company did no act with knowledge of the fact that the statute had not been complied with or with knowledge of the existence of such statute.

The case of *The Estate of James Burke* (1 Parsons' Select Equity Cases [Penn.], 470), cited by the respondents' counsel, shows that the creditor made his election with knowledge, and even if he had no actual knowledge, he was bound to know of the defect when he filed his exceptions. The assignment was a public record of the State, and it was held he, being a resident of the State, was chargeable with knowledge thereof. The Sonoma company were non-residents and had no direct means of knowing and were not bound to the same degree of vigilance as would be required of a resident of the State who is presumed to have knowledge of its laws and access to its records.

The other cases which are relied upon appear to have been based upon knowledge, actual or imputed, which did not exist

in reference to the creditor here. Although the assignment may have been valid until it was avoided, the question as to its validity is the proper subject of consideration in this action. The claim that the plaintiff was bound to return or offer to return the property, for which the receipt was given, is without merit. As we have seen it was stopped *in transitu* and never delivered, and actually belonged to the creditor. The title was clearly in the wine company in September, 1877, and had never been changed. We think they were justified in stopping the delivery after hearing of the assignment, and as the goods were never delivered to the assignor or assignee there is no ground for claiming that any right existed in the assignee which required the plaintiff to return or offer to return the property before bringing this action. As the company acted without knowledge of the laws of Pennsylvania, when the receipt was made by its attorney and delivered to the assignee, we think that it cannot be claimed the company assented to the validity of the assignment. Nor can it be said, under the circumstances, that the creditor elected to treat the assignment as valid and thereby affirmed and ratified the same, or that the company accepted a benefit from the assignee under the authority given by the assignment. At this time the assignee had no claim to the wine which was the subject of the receipt given to him; the title had never passed to the assignor or assignee; the wine had been seized *in transitu* after the assignment had been made and before delivery; the company had a perfect right to stop the delivery, and the receipt given to the assignee was without any consideration whatever. The company were the owners and had a right to take possession of the wine without any order, and it was of no force or effect, the company received no benefit thereby and incurred no obligation by the agreement therein to indemnify the assignee. The contract, being invalid, furnishes no ground upon which it can be claimed that the plaintiff made an election and affirmed the validity of the assignment.

The appellant's counsel insists that there was error in some of the findings of the judge and in his refusals to find, but we

deem it needless to examine or consider the grounds upon which this position is based, inasmuch as it is manifest the judge erred in his conclusion.

For the error stated the judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except FINCH, J., not voting.

Judgment reversed.