In the Matter of Mutual Benefit Health and Accident Association, Appellant, against Leffert Holz, as Superintendent of Insurance of the State of New York, Respondent.

Third Department, April 9, 1958.

*John P. Walsh, Thomas A. Harnett, DeRoy C. Thomas* for appellant.

*Louis J. Lefkowitz, Attorney-General (Robert W. Bush* and *Paxton Blair* of counsel), for respondent.

FOSTER, P. J.   This is an appeal from an order of the Supreme Court which denied and dismissed on the merits petitioner's application for a review of a determination of the respondent Superintendent of Insurance denying a claim for a refund of $14,186 paid by it as so-called retaliatory taxes, pursuant to section 61 of the Insurance Law, for the years 1949, 1950, 1951 and 1952.

Petitioner, the Mutual Benefit Health and Accident Association (hereafter called Mutual) is a foreign insurance company, doing business in the State of New York, with its home office in the State of Nebraska.   It is subject to the payment of so-called retaliatory taxes prescribed by section 61 of the Insurance Law.   Briefly, this section provides that such taxes are payable only when and to the extent that certain taxes in the insurer's domiciliary State as to New York insurers doing business there are greater than those required of similar insurers organized or domiciled in such other State.   Among the taxes required by the law of New York which must be measured against taxes required by the foreign State, in determining retaliatory tax liability, if any, of foreign insurers, under the section cited, are New York City gross receipts taxes (*John Hancock Mut. Life Ins. Co.* v. *Pink*, 276 N. Y. 421, 426).

For the years in question Mutual paid retaliatory taxes and did not include in the calculation of them any credit for the amount it was required by law to pay to the City of New York as gross receipts taxes.   As a matter of fact it alleges that it was unaware of its liability for such New York City taxes and did not file a return with the city or pay such taxes for the years in question until 1954.   It seems to be undisputed that had Mutual paid such taxes and seasonably made a claim therefor there would have been no retaliatory taxes due from it for the years in question since the amount of taxes due to the City of New York exceeded the retaliatory payments required of it by the Superintendent of Insurance.

It is Mutual's position in this proceeding that its late payment of New York City taxes does not alter its right to credit for them for the years for which they were paid, and cites section 559 of the Insurance Law to support its contention. This section provides:

" § 559. Refunds; penalties

" 1. Whenever it appears to the satisfaction of the superintendent that because of some *mistake of fact, error in calculation, or erroneous interpretation of a statute of this or any other state,* any authorized insurer has paid to him, pursuant to any provision of law, taxes, fees or other charges in excess of the amount *legally chargeable* against it, during the *six year period immediately preceding the discovery of such overpayment,* he shall have power to refund to such insurer the amount of such excess or excesses by applying the amount or amounts thereof toward the payment of taxes, fees or other charges already due, or which may thereafter become due from such insurer until such excess or excesses have been fully refunded or at his discretion make a cash refund. Such cash refund may be paid from any monies in the hands of the superintendent not as yet turned over to the department of taxation and finance pursuant to the provisions of the state finance law ''. (Emphasis supplied.)

When the matter was brought to the attention of the Superintendent of Insurance he denied Mutual's application for credit or a refund upon three specific grounds; (1) no mistake of fact occurred; (2) it is the established rule that payment voluntarily made as a result of a mistake of law may not be recovered; and (3) the decisions to the effect that a mistake on the part of foreign corporations concerning the application of a State statute is a mistake of fact, rather than one of law, have no application to those dealing directly with the State. It may be noted that this decision was made apparently upon the advice of the Attorney-General and involved no exercise of discretion on the part of the Superintendent of Insurance. Nor is there any finding to the effect that Mutual was aware, during the years in question, of the requirements of local taxes in the city of New York.

The refund statute provides for credit only because of some " mistake of fact, error in calculation, or erroneous interpretation of a statute of this or any other state ''. Although Mutual argues that its payment was due to an error in calculation this cannot be accepted as a valid contention. In my view an error in calculation has to do with some computation relative to known quantities or liabilities; and in this case, taking the peti-

tion on its face, Mutual was not aware of the requirement for the payment of local taxes in the city of New York, and the Superintendent of Insurance was under no duty to ascertain whether such taxes had been paid. Certainly Mutual did not erroneously interpret a statute of this or any other State, and hence the only ground it has left for relief is a mistake of fact. It argues that since it was a foreign corporation its ignorance of a local statute in the State of New York was a mistake of fact and not a mistake of law and cites a number of cases to support its contention (*Bond & Goodwin* v. *du Pont,* 254 App. Div. 543, 544, affd. 280 N. Y. 715; *Curtis* v. *Leavitt,* 15 N. Y. 9, 193; *Bank of Chillicothe* v. *Dodge,* 8 Barb. 233; *Ætna Ins. Co.* v. *Mayor,* 7 App. Div. 145, 155, affd. 153 N. Y. 331; *Vinal* v. *Continental Constr. & Improvement Co.,* 53 Hun 247; *Stedman* v. *Davis,* 93 N. Y. 32; *Orth* v. *Kaesche,* 165 App. Div. 513, 518; *Matter of Welton,* 141 Misc. 674, 689; *Matter of Miller,* 162 Misc. 563, 575).

I am inclined to give weight to this point. Not all of the cases cited are pertinent, indeed none of them are directly in point, but unquestionably some of them support the proposition that ignorance on the part of a foreign corporation of a local law is a mistake of fact rather than one of law, and the respondent has cited no clear cut authority to the contrary. Despite the fact that the statute was amended in 1939 to substitute the words " mistake of fact " for the word " mistakes ", the Legislature does not appear to have been too sensitive about fine distinctions between mistakes of law and fact. It permitted a refund for a mistake in the interpretation of a statute which would be commonly regarded as a mistake of law. Moreover there is a rather strong reason for regarding Mutual's alleged ignorance as a mistake of fact because of the local nature of the New York City Tax Law. There can be, I believe, a justifiable distinction between ignorance of a local law and a general statute in the case of a foreign corporation doing business in this State. For these reasons I think that Mutual was guilty of no more than a mistake of fact, so far as the allegations of the petition are concerned.

I am aware that if funds are deposited with the State Treasurer the latter may not be tapped for a refund without an appropriation (State Finance Law, § 121; N. Y. Const., art. VII, § 7), but the refund statute involved here permits a credit against future taxes, and hence the legal obstacle cited is not necessarily a bar. In conclusion I believe that reversal here should be predicated solely upon the ground that Mutual's ignorance, if such existed, may be considered a mistake of fact

and not of law; and this view takes into account only the grounds assigned by the Superintendent of Insurance in denying the application for a refund. No other issues are passed on.

The order should be reversed.

BERGAN, J. (concurring). I concur in the decision to reverse, but on the following limited ground:

The superintendent's decision to disallow the refund seems not to have been based on the free exercise of discretion to disallow it. He had such a discretion — he " shall have power " to do so (Insurance Law, § 559, subd. 1).

His determination of disallowance was based on the fact he read the statute as prohibiting the allowance in the circumstances shown by petitioner. The provisions of subdivision 1 of section 559 of the statute should not be read so narrowly, and the proceeding should be remitted to the superintendent for the exercise of the discretion given him by the statute, which ought to be read as permitting the superintendent's discretion.

The statute permits the refund to be allowed in three situations. One is a " mistake of fact "; another is " error in calculation ". Both these terms are well understood expressions of legal art.

A mistake of fact is commonly regarded as the obverse of a mistake of law; and while it is true that, as foreign law is often treated as a " fact ", a man's mistake about the law of a foreign country or a different State has sometimes been treated as a mistake of fact, this principle has little force in the case of a party, such as petitioner, in relation to the law of New York. The development of this rule on which the petitioner relies on this review is to be seen in *Curtis* v. *Leavitt* (15 N. Y. 9, 193), where a New York resident's knowledge of the law of England affecting bonds was treated as a question of fact; and in *Stedman* v. *Davis* (93 N. Y. 32) where a New York creditor's knowledge of the rights of an assignee in Pennsylvania was similarly treated.

But no such remoteness from our law existed in this case. Petitioner had an office in the city of New York in which it permanently and continuously prosecuted its business. Its business in the city exceeded $4,000,000 annually. Such a corporation is not so much a stranger to our State or local law as to be able to treat that law as a " fact " to be known or not, as the case may be; but like everyone else residing and actively trading in the community, must be deemed to know its local law.

The provision of subdivision 1 of section 559 covering the " erroneous interpretation of a statute of this or any other state " is not a common area in which mistakes are subject to correction and relief. This broadly means a mistake of statute law and ought not to be construed to mean merely the breakdown and weighing of exact statutory words; but to include a mistake as to whether a tax statute does or does not embrace a particular subject and whether or not a particular kind of property or business activity is taxed.

It is clear from this record that this is actually the kind of mistake the petitioner made. The superintendent had the power to determine whether petitioner should be relieved for this reason.

GIBSON, J. (dissenting). I agree with Presiding Justice FOSTER's conclusion that there was no " error in calculation, or erroneous interpretation of a statute ", but consider that there was also absent any mistake of fact. Appellant was authorized to do business in New York and maintained an office in New York City. Its situation was, in my view, identical with that of an individual domiciled in one State and having an additional residence in another. In such circumstances, if not in any case, it seems to me that it was charged with knowledge of the provisions of the Administrative Code of New York City imposing the gross receipts tax and that its ignorance thereof may not be found a mistake of fact.

Therefore, I vote to affirm.

COON, J., concurs with FOSTER, P. J.; BERGAN, J., concurs in the result, in a separate opinion; GIBSON, J., dissents in a memorandum.

Order reversed, with $25 costs, and the matter remitted to the Special Term.