■ In the Matter of EMANUEL TROISE, Petitioner, v CHARLES M. SMITH, JR., as Commissioner of the Department of Buildings of the City of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Buildings of the City of New York, dated February 27, 1986, which, after a hearing, found the petitioner had neglected his duty, made knowingly false entries on Department records, inefficiently performed his duties, and engaged in activities that conflicted with the proper discharge of his official duties in violation of New York City Charter § 2604 (c) (1) and imposed as penalties a demotion in grade and title from associate inspector (plumbing) to inspector (plumbing) and a direction that he divest himself of all interests in plumbing trade schools within three months.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the finding that the petitioner was guilty of a violation of New York City Charter § 2604 (c) (1) is annulled and the penalties are vacated, the determination is otherwise confirmed and the proceeding dismissed, and the matter is remitted to the respondent for a new determination on the charge of violating New York City Charter § 2604 (c) (1) and for the imposition of new penalties.

At bar, the respondent determined, *inter alia,* that the petitioner, an associate plumbing inspector, was guilty of engaging in activities that conflicted with the proper discharge of his official duties because he owned, operated, and taught in plumbing trade schools *(see,* New York City Charter § 2604 [c] [1]). "A decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious * * * Absent such an explanation, failure to conform to agency precedent will, therefore, require reversal on the law as arbitrary, even though there is in the record substantial evidence to support the determination made" *(Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 516-520). At bar, the record indicates that the determination that the petitioner's activities constitute a conflict of interest is contrary to departmental precedent. The Department's own witnesses testified that other employees operate and teach in trade schools without penalty. Consequently, the respondent is required to at least explain why he has not followed precedent in this instance. The matter is therefore remitted for a new determination by the respondent on the conflict of interest charge.

The findings of guilt as to the other charges are supported by substantial evidence. Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.