■ In the Matter of EMANUEL TROISE, JR., Appellant, v CHARLES M. SMITH, JR., as Commissioner of the Department of Buildings of the City of New York, Respondent. [609 NYS2d 264] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Buildings of the City of New York, dated January 11, 1989, which found the petitioner guilty of violating New York City Charter § 2604 (c) (1), the petitioner appeals from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.) dated March 2, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In accord with a prior decision and order of this Court (see, Matter of Troise v Smith, 141 AD2d 826), the respondent Commissioner issued a determination explaining why he departed from prior precedent in concluding that the petitioner's ownership of a plumbing trade school was in conflict with the proper discharge of his official duties as a New York City plumbing inspector (see, Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 517; New York City Charter § 2604 [c] [1]). Specifically, the Commissioner, in his decision, accurately observed that the only prior case involving similar factual circumstances arose almost 10 years earlier, under a different Commissioner, who apparently failed to take any action

against a plumbing inspector who also owned a plumbing trade school. The Commissioner further explained that his current policy was one of strict adherence to relevant ethical standards and that a single matter, occurring years earlier under another Commissioner, could not be considered binding upon him.

We agree that, under the circumstances presented here, the Commissioner has provided a reasonable explanation supporting his decision to enforce the conflict of interest rules with respect to the petitioner's ownership of a trade school. Thompson, J. P., Santucci, Krausman and Florio, JJ., concur.