■ In the Matter of ROBERT C. SHAW, Doing Business as' SHAW FUEL OIL & KEROSENE, Petitioner, v STATE OF NEW YORK TAX APPEALS TRIBUNAL et al., Respondents. [610 NYS2d 971] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which canceled petitioner's registration as a distributor of diesel motor fuel under Tax Law article 12-A.

Petitioner operated two businesses as sole proprietorships; one was a tavern known as the Stage Coach Inn and the other was as a vendor of oil and kerosene as well as some contracting work under the name of Shaw Fuel Oil & Kerosene (hereinafter Shaw Oil). The Stage Coach Inn was duly registered as a sales tax vendor under Tax Law article 28 and petitioner filed sales tax returns reporting and remitting taxes. Shaw Oil was not registered as a sales tax vendor but was audited by respondent Department of Taxation and Finance in March 1988 regarding its sales tax liability from December 1983 through February 1988. In 1988 Shaw Oil registered as a distributor of diesel motor fuel with the Department of Taxation and Finance *(see,* Tax Law § 283 [2]).

The Department's audit of Shaw Oil resulted in the issuance of notices of determination assessing Shaw Oil an additional $31,263.24 in sales and use taxes due. The audit also revealed evidence of altered invoices and the failure to collect, report and remit sales tax. These matters were referred to the Office of Tax Enforcement for criminal investigation. On September 18, 1990 petitioner entered a negotiated plea of guilty to filing a false instrument in the second degree, a class A misde-

meanor. Petitioner was sentenced to serve 30 days in jail, pay a fine of $2,500 and make restitution of $19,666.40.

In October 1990, a field audit of Shaw Oil's diesel motor fuel tax and petroleum business tax liability was conducted for the period from September 1988 through August 1990. The audit revealed that petitioner filed no diesel motor fuel tax returns for September, October and November 1988 and that taxable sales of fuel were not reported. The auditor concluded that Shaw Oil made unreported taxable sales regarding some 78,700 gallons of fuel oil, taxable at a rate of 10 cents per gallon, and assessed a tax due of $7,870 plus penalties and interest. The audit also revealed that Shaw Oil had given its suppliers residential use certificates stating that 93% of the product purchased from them was for residential use. This allowed the suppliers to deduct almost all of the proceeds of their sales to Shaw Oil from their gross receipts subject to tax liability. Shaw Oil's actual sales indicated that only 66% of its product was sold for residential use. Thus, Shaw Oil was assessed a penalty at the statutory rate of 5% of the difference, amounting to an added tax liability of $6,180.

The Department issued Shaw Oil a notice of proposed cancellation of its registration as a diesel motor fuel distributor on February 12, 1991 based on five different failures to comply with the provisions of the Tax Law:

"1. Failure to report and remit sales taxes collected on the sales of diesel motor fuel.

"2. Filing false sales tax returns relating to sales of diesel motor fuel.

"3. Failure to collect sales tax on taxable sales of diesel motor fuel.

"4. Delivery and disclosure of falsified sales invoices to representatives of the Department.

"5. Failure to file returns or pay tax for the months of September, October and November 1988 relative to excise tax on diesel motor fuel."

Following a conciliation conference the notice was sustained on April 10, 1992. A hearing was thereafter scheduled before an Administrative Law Judge (hereinafter ALJ). Five days prior to the hearing, however, petitioner's counsel was notified that a sixth ground for cancellation would be presented at the hearing in addition to the five already stated—that of petitioner's submission of false residential use certificates to its suppliers.

After the hearing the ALJ issued a determination finding

that cancellation of petitioner's registration as a diesel motor fuel distributor was supported by sufficient grounds and sustained the notice of proposed cancellation. The ALJ found it "clear from the facts" that petitioner committed fraud and deceit in his operations as a distributor of diesel motor fuel (*see,* Tax Law § 282-a [2] [i]). The ALJ also upheld the added sixth ground for cancellation based on adequate notice and adequate time to prepare a defense.

Petitioner filed a notice of exception with respondent Tax Appeals Tribunal which issued a decision upholding the ALJ's determination. The Tribunal concluded that it was unnecessary to decide whether petitioner's argument that the criminal conviction, standing alone, was an insufficient basis for cancellation because "the record reveals so much other evidence of deceit by petitioner" that, in any event, cancellation was warranted. The Tribunal also found that the punishment was not out of proportion to petitioner's many persistent acts of misconduct and termed petitioner's claim that the auditor had advised him to alter invoices incredible, noting that, had petitioner believed that the auditor would corroborate his statements, he could have subpoenaed her to appear at the hearing.

We initially reject petitioner's argument that his acts did not rise to the level of fraud and/or deceit to justify revocation of his registration as a motor fuel distributor. Examination of the record reveals overwhelming evidence supporting the cancellation of petitioner's registration as a diesel motor fuel distributor pursuant to Tax Law § 283 (4) (i). The proof demonstrates that petitioner, *inter alia,* criminally filed false sales tax returns, failed to file tax returns, falsified documents, failed to collect sales tax and failed to remit taxes actually collected. These acts constitute "fraud or deceit in [petitioner's] operations as a distributor" (Tax Law § 283 [4] [i]). Any of the six grounds proven is sufficient to support cancellation. Petitioner's explanations and excuses for his actions lack credibility and the Tribunal did not abuse its discretion in rejecting them.

We also find without merit petitioner's contention that the additional or sixth ground for cancellation was improperly raised at the hearing because petitioner did not have sufficient time to prepare an adequate defense to the allegation (*see, Matter of Diamond Term. Corp. v New York State Dept. of Taxation & Fin.,* 158 AD2d 38, 40-41, *lv denied* 76 NY2d 711). Moreover, petitioner could have requested an adjournment, if needed. Rather, petitioner made no such request. Petitioner

also argues that the Department's failure to call the auditor at the hearing requires a finding of fact that petitioner's testimony with regard to the alteration of receipts is true. The failure to call the auditor in the circumstances, however, does not warrant the inference that her testimony would not contradict that of petitioner. The record indicates that her sales tax audit was not in issue and was offered only as a foundation or background. Thus, she was not anticipated to be a witness at the hearing by the Department and, if petitioner required her testimony, he could have subpoenaed her. It was not known that petitioner would claim at the hearing that the auditor gave him the advice to alter the invoices, which was inconsistent with the fact that she called petitioner's activities to the attention of the Office of Tax Enforcement with a view to criminal prosecution. In any event, there was sufficient proof of other grounds for cancellation to sustain the determination of the Tribunal.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.