In the Matter of ALVIN NATHEL, Petitioner, v COMMISSIONER OF TAXATION AND FINANCE OF THE STATE OF NEW YORK et al., Respondents. [649 NYS2d 196] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22.

Petitioner claims that he is entitled to a refund of State personal income taxes which he overpaid for the years 1981 through 1987 as a result of his failure to take an authorized deduction. As the Statute of Limitations on refunds had expired for the years in question (*see,* Tax Law § 687 [a], [e]), petitioner sought to invoke the special refund authority under Tax Law § 697 (d) of respondent Commissioner of Taxation and Finance, which permits refunds without regard to any period of limitations when no disputed questions of fact or law are involved and the overpayment is the result of a "mistake of facts". Petitioner's application was denied on the ground that his overpayments were the product of a mistake of law rather than a mistake of fact.

Relying upon a prior decision of the State Tax Commission which granted a refund under Tax Law § 697 (d) to a taxpayer who had erroneously included pension proceeds in his State adjusted gross income (*see, Matter of Tompkins,* TSB-H-87-[125]-I [May 26, 1987]) (hereinafter *Tompkins*), petitioner contends that his mistake was sufficiently similar to the taxpayer's mistake in *Tompkins* such that he is entitled to the same treatment. It is clear from the record, however, that in refusing to exercise the special refund authority respondents did not simply overlook or ignore the *Tompkins* decision, but instead exercised the authority to correct a prior erroneous interpretation of the law by overruling *Tompkins* (*see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 518-520; *Matter of Glick v Summer,* 213 AD2d 403, 404). In exercising that authority, respondents provided the necessary reasoned explanation for refusing to follow the precedent established by *Tompkins* (*see, e.g., Matter of Troise v Smith,* 202 AD2d 595; *Matter of Long Lake Energy Corp. v Public Serv. Commn.,* 148 AD2d 84, 90, *lv denied* 75 NY2d 701).

The determination challenged by petitioner expressly notes that *Tompkins (supra)* contained no analysis to support the conclusion that the particular payment was a mistake of fact,

and further notes that case law distinguishes between mistakes of fact and mistakes of law. The statutory special refund authority applies only when a mistake of fact is involved (*see*, Tax Law § 697 [d]) and, therefore, we are of the view that respondents were justified in analyzing the nature of petitioner's mistake by applying the well-recognized distinction between mistakes of fact and mistakes of law. It is undisputed that petitioner was fully aware of all the relevant facts when he made the overpayments, but failed to take a deduction because of his ignorance or misapprehension of the relevant provision of the Tax Law. Petitioner's ignorance or misapprehension of the legal consequences of the known facts clearly falls within the recognized definition of a mistake of law (*see*, 77 NY Jur 2d, Mistake, Accident, or Surprise, at 332; 54 Am Jur 2d, Mistake, Accident, or Surprise, § 8, at 454). Although, in certain circumstances, a party's ignorance of the law can constitute a mistake of fact (*see*, *Matter of Mutual Benefit Health & Acc. Assn. v Holz*, 5 AD2d 388, 391, *affd* 6 NY2d 954), those circumstances are not present in this case. As a taxpayer, petitioner is charged with knowledge of the relevant provisions of the Tax Law (*see*, *Genesee Brewing Co. v Village of Sodus Point*, 126 Misc 2d 827, 834, *affd* 115 AD2d 313) and, therefore, his overpayment can be viewed as a voluntary election not to take advantage of the deduction he presumably knew he could have taken. Moreover, as petitioner is charged with knowledge of the law, he clearly had the opportunity to obtain a refund of his overpayment by making application within the statutory period of limitations. We conclude, therefore, that respondents' determination has a rational basis and must be confirmed.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.