Matter of Flair Beverages Corp. v New York State Tax Appeals Trib. (2024 NY Slip Op 03911)

Matter of Flair Beverages Corp. v New York State Tax Appeals Trib.

2024 NY Slip Op 03911

Decided on July 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 25, 2024

535128
[*1]In the Matter of Flair Beverages Corp., Petitioner,
v
New York State Tax Appeals Tribunal et al., Respondents.

Calendar Date:June 5, 2024

Before:Pritzker, J.P., Lynch, Ceresia, Fisher and Mackey, JJ.

Cozen O'Connor, New York City (Jerry H. Goldfeder of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for Acting Commissioner of Taxation and Finance, respondent.

Ceresia, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining a proposed revocation of petitioner's certificate of authority to collect sales tax under Tax Law article 28.
Petitioner is a wholesale beverage distributor that operates a cash-only business selling primarily beer, wine and soda, generating approximately $100 million a year in sales. In 2009, legislation was enacted requiring alcoholic beverage wholesalers to file with respondent Commissioner of Taxation and Finance (hereinafter the Department) annual information returns tracking the identity of their wholesale customers as well as the total value of sales made to each where no sales or use tax was collected (see Tax Law § 1136 [i] [1] [C]; [2]). The Department uses the information returns to assess the accuracy of the taxable sales reported by the wholesale customers, who are retail alcoholic beverage vendors. When petitioner failed to file any such information returns, the Department, beginning in 2013, sought to bring petitioner into compliance with the law. Following a 2016 administrative proceeding, petitioner was assessed monetary penalties for its failure to file returns from 2009 to 2013. Nevertheless, petitioner continued not to file any returns in the ensuing years. After further enforcement efforts proved fruitless, in October 2019, the Department issued a notice of proposed revocation of petitioner's sales tax certificate of authority due to petitioner's failure to file information returns from 2017 to 2019. Such a revocation would preclude petitioner from conducting wholesale business in the state.
Petitioner thereafter filed a petition for review of the proposed revocation with the Division of Tax Appeals. Following a hearing in September 2020, an Administrative Law Judge (hereinafter ALJ) sustained the proposed revocation. Petitioner then filed an exception and, after oral argument, respondent Tax Appeals Tribunal affirmed the ALJ's determination. This CPLR article 78 proceeding challenging the Tribunal's determination ensued.
We confirm. This Court "will not disturb the Tribunal's determination if it has a rational basis and is supported by substantial evidence, even if the record could reasonably support another result" (Matter of Strata Skin Sciences, Inc. v New York State Tax Appeals Trib., 225 AD3d 953, 954 [3d Dept 2024] [internal quotation marks and citations omitted]). In so deciding, we defer to the credibility and weight of the evidence findings of the Tribunal (see Matter of Parikh v Schmidt, 200 AD3d 1237, 1238 [3d Dept 2021]; Matter of Emerald Intl. Holdings Ltd. v Tax Appeals Trib. of the State of N.Y., 181 AD3d 1003, 1005 [3d Dept 2020]).
Petitioner does not dispute that it failed to comply with the law but, rather, contends that the Tribunal erred in determining that its failure was willful. We disagree, as there is ample record support for the Tribunal's [*2]determination that petitioner's failure to file the necessary information returns was done in a willful manner. That is, the record reveals that petitioner was aware of the requirement essentially since the law's passage, having joined in a federal lawsuit filed in December 2009 to have the information return mandate of Tax Law § 1136 (i) declared unconstitutional. In addition, the Department made numerous attempts since 2013 to bring petitioner into compliance with the law and even reached the point of bringing the 2016 enforcement proceeding, resulting in the assessment of monetary penalties against petitioner. Despite all of this, petitioner never filed the required returns. Under these circumstances, we have no quarrel with the Tribunal's characterization of petitioner's failure as willful. We are unpersuaded by petitioner's particular argument that any finding of willfulness is undermined by the fact that, in connection with the 2016 proceeding, an ALJ acknowledged that petitioner had expended substantial effort before it found compliance to be "physically impossible" due to its manual record-keeping system. In response thereto, it need only be noted that it was petitioner's own ongoing failure to implement an appropriate computerized point of sale system, despite the considerable size and resources of its business, that led to its lack of compliance with the law, notwithstanding its belated, halfhearted attempts to upgrade its technology. As the Tribunal's determination has a rational basis and is supported by substantial evidence, it will not be disturbed (see Matter of Levin v Gallman, 42 NY2d 32, 34 [1977]; Matter of CBS Corp. v Tax Appeals Trib. of State of N.Y., 56 AD3d 908, 910-911 [3d Dept 2008], lv denied 12 NY3d 703 [2009]; Matter of Hopper v Commissioner of Taxation & Fin., 224 AD2d 733, 738 [3d Dept 1996], lv denied 88 NY2d 808 [1996]).
We also find unavailing petitioner's related claim that Tax Law § 1134 (a) (4) (A) (i), which authorizes the revocation of a certificate of authority upon willful failure to file a return, is void for vagueness. The willfulness standard is not so indefinite as to cause misunderstanding by a person of ordinary intelligence, nor does it invite arbitrary enforcement by the Department (see Town of Delaware v Leifer, 162 AD3d 1350, 1353 [3d Dept 2018], affd 34 NY3d 234 [2019]; Matter of Turner v Municipal Code Violations Bur. of City of Rochester, 122 AD3d 1376, 1377 [4th Dept 2014]).
Moving on, petitioner argues that revocation of its certificate of authority violated its due process rights, in that it did not receive adequate notice that the potential penalties for noncompliance could include revocation. "[D]ue process requires that when a State seeks to terminate an interest . . . , it must afford notice and opportunity for hearing appropriate to the nature of the case before the termination becomes effective" (Bell v Burson, 402 US 535, 542 [1971] [internal quotation marks and citation omitted]).[*3]"It is well settled that the requirements of due process are satisfied where notice is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the proceeding and afford them an opportunity to present their objections" (Matter of County of Essex [Golden Ring Intl., Inc.], 195 AD3d 1187, 1188 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], lv denied 38 NY3d 904 [2022]).
Petitioner bases its due process argument primarily on a bulletin released by the Department in 2009 that described the new information return filing requirements and advised of monetary penalties for failure to file but did not mention revocation as a potential penalty. As an initial matter, petitioner is chargeable with knowledge of the applicable Tax Law provisions (see Matter of Nathel v Commissioner of Taxation & Fin. of State of N.Y., 232 AD2d 836, 837 [3d Dept 1996]), which have authorized the Department to revoke a certificate of authority for a willful failure to file a required report or return since long before the inception of the information return requirement in 2009 (see Tax Law § 1134 [a] [4] [A]). Furthermore, a subsequent memorandum released by the Department in 2011 explicitly stated that the penalty for noncompliance could include the revocation of a certificate of authority. Additionally, the Department sent petitioner a letter in December 2018 warning that it may face revocation if it did not file the missing information returns, such that petitioner had nearly two years' notice — prior to the September 2020 administrative hearing — that it risked revocation of its certificate. Thus, we are satisfied that petitioner was adequately apprised of the potential for revocation (see Matter of Harner v County of Tioga, 5 NY3d 136, 140 [2005]; Matter of Mayo v New York State Div. of Tax Appeals, Tax Appeals Trib., 172 AD3d 1554, 1555-1556 [3d Dept 2019], lv denied 34 NY3d 1140 [2020]; compare Matter of Mackenzie Hughes LLP v New York State Tax Appeals Trib., 178 AD3d 1313, 1315 [3d Dept 2019]).
Finally, we perceive no error in the imposition of the penalty of revocation. "This Court may set aside a determination by an administrative agency only if the measure of punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (Matter of Figueroa v New York State Off. of Alcoholism & Substance Abuse Servs., 149 AD3d 1394, 1396 [3d Dept 2017] [internal quotation marks, ellipsis and citations omitted]). In defiance of the Department's enforcement efforts, petitioner failed to file a single information return for approximately a decade before its certificate of authority was eventually revoked. This dereliction likely compromised the Department's ability to confirm that appropriate taxes were paid on the hundreds of millions of dollars worth of alcoholic beverages sold by petitioner. Moreover, a lesser penalty was [*4]previously imposed but failed to spur petitioner into compliance. Accordingly, we do not find the penalty of revocation to be disproportionate to the offense (cf. Rob Tess Rest. Corp. v New York State Liq. Auth., 49 NY2d 874, 875-876 [1980]; compare Matter of Lalima v New York State Dept. of State, 214 AD3d 1051, 1054-1055 [3d Dept 2023]; see also Matter of Gutlove & Shirvant, Inc. v Tax Appeals Trib. of the State of N.Y., 78 AD3d 1284, 1287 [3d Dept 2010], lv denied 16 NY3d 702 [2011]; Matter of Shaw v State of N.Y. Tax Appeals Trib., 203 AD2d 720, 722 [3d Dept 1994], lv denied 84 NY2d 803 [1994]).[FN1]
Pritzker, J.P., Lynch, Fisher and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: In so concluding, we note that petitioner may reapply for a certificate of authority after one year (see 20 NYCRR 539.3 [a] [8]).