OPINION OF THE COURT
Smith, J.
The issue here is whether General Municipal Law § 207-c requires mandatory bargaining before a police officer who is injured in the line of duty or becomes ill during the performance of duty can be forced to (1) perform light duty, (2) undergo surgery at the direction of the City or (3) waive the confidentiality of medical records. Because the Appellate Division properly concluded that none of these matters is subject to mandatory bargaining, we affirm.
General Municipal Law § 207-c was enacted in 1961 and provided that a police officer "who is injured in the perfor *484 manee of his duties or who is taken sick as a result of the performance of his duties” could receive salary or wages, as well as medical benefits from the municipality. During February and March 1990, the City of Schenectady sought to adopt six new rules governing the receipt of benefits under General Municipal Law § 207-c. The three rules pertinent to this appeal require that a police officer (1) assume a light duty position, as ordered by the City, (2) submit to surgery as ordered by the City and (3) execute a medical confidentiality waiver form for the City’s examining physician when the officer appears for examination of a General Municipal Law § 207-c injury or illness.
In April 1990, the Schenectady Police Benevolent Association (PBA) filed an improper practice charge with the Public Employment Relations Board (PERB), alleging that the City of Schenectady violated Civil Service Law § 209-a (1) (a), (c) and (d) by unilaterally and improperly instituting new rules and procedures relating to qualification for benefits under General Municipal Law § 207-c. Underlying this charge was the City’s requirement that several police officers recovering from injuries suffered on the job return to work to perform light duty in the Schenectady Police Department. Additionally, the City required one officer to submit to surgery.
After a hearing, the Administrative Law Judge (ALJ) rejected any contention that Civil Service Law § 209-a (1) (a) and (c) had been violated since "no evidence of improper motivation was presented by the PBA.”[1] The ALJ found that the order to perform light duty or to undergo surgery was not a mandatory subject of bargaining. The ALJ also found that the City had no right to require a medical confidentiality waiver since this matter was subject to mandatory bargaining. She thus found a violation of Civil Service Law § 209-a (1) (d).[2] Both the PBA and the City filed exceptions to the ALJ’s findings and PERB affirmed the ALJ’s decision.
*485 The PBA commenced the first CPLR article 78 proceeding seeking to annul PERB’s determination with regard to the performance of light duty and submission to surgery. The City instituted a CPLR article 78 proceeding to annul PERB’s affirmation of the ALJ’s decision, in part, because it required mandatory bargaining for a medical confidentiality waiver. The two proceedings were consolidated.
Supreme Court confirmed PERB’s determination, except with respect to the medical confidentiality waiver which it found not to be subject to mandatory bargaining. The Appellate Division modified Supreme Court’s judgment by concluding that the medical confidentiality waiver is subject to mandatory collective bargaining only insofar as it relates to the release of information other than that relating to whether the officer remains disabled or is capable of light duty. This Court granted both the City’s motion and the PBA’s cross motion for leave to appeal.
The PBA contends that there is no legislative intent or scheme discernible in General Municipal Law § 207-c to remove light duty and compulsory elective surgery from mandatory collective negotiations. The City argues that the Appellate Division’s modification of Supreme Court’s ruling with respect to medical confidentiality waivers adversely impacts upon the rights of a municipality as articulated in General Municipal Law § 207-c. PERB maintains that General Municipal Law § 207-c indicates a legislative intent that light duty and surgery not be the subject of mandatory collective bargaining. PERB also contends that no statutory or other authority eliminates the requirement of mandatory collective bargaining with respect to a waiver of medical confidentiality.
First, concerning the standard of review, we recognize that an administrative agency’s determination requires deference in the area of its expertise (see, Rosen v Public Empl. Relations Bd., 72 NY2d 42, 47-48). Where, however, the matters at issue involve statutory interpretation, such deference is inapplicable (id.; Matter of Webster Cent. School Dist. v Public Empl. Relations Bd., 75 NY2d 619, 626). This case involves only statutory interpretation.
It is settled that the Taylor Law (Civil Service Law § 200 et seq.) generally requires bargaining between public employers and employees regarding terms and conditions of employment (see, Matter of Board of Educ. v New York State Pub. Empl. Relations Bd., 75 NY2d 660, 667, quoting Matter of Cohoes *486 City School Dist. v Cohoes Teachers Assn., 40 NY2d 774, 778). The policy of such bargaining in this State is "strong” and "sweeping” (id.). Even that policy, however, is negated under special circumstances. It is unquestioned that the bargaining mandate may be circumscribed by "plain” and "clear” legislative intent or by statutory provisions indicating the Legislature’s "inescapably implicit” design to do so (Matter of Webster Cent. School Dist. v Public Empl. Relations Bd., 75 NY2d 619, 627, supra; see also, Matter of Board of Educ., 75 NY2d 660, 667, 668, supra).
Turning to the specific issues before us, we hold that General Municipal Law § 207-c authorizes the City to require both light duty and, under the appropriate circumstances, even surgery, where reasonable. As for light duty, General Municipal Law § 207-c (3) provides that where, in the opinion of a physician or health authority, a police officer is "unable to perform his regular duties as a result of * * * injury or sickness but is able, in their opinion, to perform specified types of light police duty,” the officer is entitled to receive salary and other benefits only if that light duty is performed. That the City ordered the officers to submit to light duty is consistent with the authority given in this provision.
The PBA claims that General Municipal Law § 207-c does not authorize surgery absent bargaining. However, General Municipal Law § 207-c (1) clearly provides otherwise. After stating that an officer who is injured in the performance of his duties or becomes ill in the performance of his duties is entitled to salary, wages and medical benefits, the statute provides that these benefits may be withheld if the officer refuses to undergo surgery. Regarding this claim, the statute provides, in part,
"Provided, however, and notwithstanding the foregoing provisions of this section, the municipal health authorities or any physician appointed for the purpose by the municipality, after a determination has first been made that such injury or sickness was incurred during, or resulted from, such performance of duty, may attend any such injured or sick policeman, from time to time, for the purpose of providing medical, surgical or other treatment” (emphasis supplied).
The section goes on to provide that anyone who refuses to accept "medical treatment or hospital care” waives the right *487 to benefits under the section. Unquestionably the Legislature contemplated that municipalities would, where appropriate and reasonable, require police officers to submit to corrective surgery, or forfeit benefits under the statute. In this regard, the police officers here do not differ from firefighters (see, Matter of Mondello v Beekman, 56 NY2d 513, affg on opn below at 78 AD2d 824). In Mondello v Beekman, the petitioner’s application for line-of-duty disability retirement was dismissed because the petitioner had failed to accept proper medical treatment. In affirming on the opinion of the Appellate Division, this Court tacitly acknowledged that the Medical Board could require corrective medical treatment, including surgery. Additionally, any officer would have general recourse to article 78 proceedings to challenge an allegedly arbitrary or unreasonable intrusion.
Although the waiver issue is not as clear, we determine that the Appellate Division reached the correct result by narrowing the City’s waiver requirement to only those items necessary for the City’s determination of the nature of the officer’s medical problem and its relationship to his or her duties. The waiver sought by the City in this action is far too broad, requiring all medical records of the officer. Nothing in General Municipal Law § 207-c authorizes the City to require disclosure of such broad-based information. Any requirement of waiver, apart from that required with respect to the applicable injury or sickness, should be the subject of collective bargaining. In a similar vein, Matter of Board of Educ. v New York State Pub. Empl. Relations Bd. (75 NY2d 660, supra) held that the New York City Board of Education’s financial disclosure requirements, which were similarly intrusive regarding employees’ personal financial matters, were subject to bargaining.
Finally, it should be clear that the procedures for implementation of the requirements of General Municipal Law § 207-c are not before us. Those procedures may or may not be subject to bargaining. For example, no reason has been shown here why officers should not be permitted the opportunity to obtain and have considered the views of their personal physicians as to surgery.
Accordingly, the order of the Appellate Division should be affirmed, without costs.

. Civil Service Law § 209-a (1) (a) and (c) read as follows: "It shall be an improper practice for a public employer or its agents deliberately (a) to interfere with, restrain or coerce public employees in the exercise of their rights guaranteed in section two hundred two [right of organization] for the purpose of depriving them of such rights * * * (c) to discriminate against any employee for the purpose of encouraging or discouraging membership in, or participation in the activities of, any employee organization.”

. Civil Service Law § 209-a (1) (d) makes it an improper employer practice "to refuse to negotiate in good faith with the duly recognized or certified representatives of its public employees.”