■ In the Matter of TOWN OF CARMEL, Appellant, v PUBLIC EMPLOYMENT RELATIONS BOARD OF THE STATE OF NEW YORK et al., Respondents. [667 NYS2d 789] —Peters, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered October 28, 1996 in Albany County, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Employment Relations Board finding that petitioner had committed an improper employer practice.

In January 1995, petitioner amended its policy to require police officers on "light duty" status pursuant to General Municipal Law § 207-c to perform unassisted desk duty in full "Class A" uniform, including weapon. Prior to the change in policy, such officers wore "Class D" uniforms, were not required to carry a weapon and were, at all times, assisted by a full-status, fully armed, officer who wore a "Class A" uniform.

Respondent Town of Carmel Police Benevolent Association, Inc. (hereinafter PBA) informed petitioner that the change in policy adversely impacted the safety of both the police officers on light duty status and those who were working under such conditions since there appeared to be an officer fully functional to perform the panoply of duties typically undertaken by a full-status officer. It therefore demanded commencement of negotiations for various safety stipends for both the light duty officers and the full-status officers who were on duty at the same time. When petitioner refused to negotiate, PBA filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB) which, as amended, alleged a violation of Civil Service Law § 209-a (1) (d).[1]

By decision dated January 16, 1996, PERB's Administrative Law Judge (hereinafter ALJ) dismissed the improper practice charge in its entirety, finding that the increased compensation sought for officers on light duty did not comport with the legislative scheme of General Municipal Law § 207-c (3) and therefore was a prohibited subject for negotiation. It further found the balance of the impact demand to be punitive and nonmandatory since it did not bear a reasonable relationship

---

1. PBA demanded negotiations with regard to the following: (1) a safety stipend of $100 per day to be paid to light duty officers for each day during which they were assigned to the desk without assistance, (2) a safety stipend of $15 per hour for each hour or part thereof which a fellow full-status police officer had to spend in the police station with responsibility for a prisoner while a light duty status officer is assigned, without other assistance, to the desk, and (3) payment in the amount of $10 per hour for each police officer assigned to a shift in which a light duty officer is assigned to the desk without the assignment of full-status officer to perform desk duty at the same time.

to a particular hazard or other working condition which it was designed to compensate. Pursuant to exceptions filed by the PBA, PERB found that the wage demands were mandatory subjects for bargaining, not unlike hazardous duty pay, and thus reversed the ALJ. Petitioner then commenced this CPLR article 78 proceeding alleging that the decision was arbitrary and capricious, affected by an error of law and against the substantial weight of the evidence. Supreme Court dismissed the petition on the merits and granted PERB's counterclaim for enforcement of the order contained in the decision. Petitioner appeals.

We affirm. As was presented to us in *Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.* (196 AD2d 171, *affd* 85 NY2d 480), at issue here is the statutory interpretation of General Municipal Law § 207-c, along with its legislative underpinnings—a matter to which we need not accord deference to the administrative agency. Although the Taylor Law (Civil Service Law § 200 *et seq.*) compels bargaining with regard to the terms and conditions of employment, this mandate can be circumscribed if the legislative intent to do so is " 'plain and clear' * * * or 'inescapably implicit' in the statute" (*Matter of Webster Cent. School Dist. v Public Empl. Relations Bd.*, 75 NY2d 619, 627 [citations omitted]). Hence, petitioner contends that pursuant to General Municipal Law § 207-c, it cannot be compelled to bargain with respect to compensation for light duty officers over and above "the full amount of regular salary or wages, including increases thereof and fringe benefits, to which * * * [an officer] would have been entitled if he were able to perform his regular duties." If so required, petitioner contends that it would contravene the legislative intent of General Municipal Law § 207-c because such officers on light duty status would now be able to obtain benefits over and above their "regular salary or wages", thus providing a windfall to only those officers.

With the issue succinctly stated by Supreme Court as "whether the demand for a safety stipend constitutes a term and condition of employment, thus making it mandatorily negotiable, or whether it constitutes salary and wages in excess of that which are provided for under the clear and plain language of the statute", we find that the stipend so requested constitutes a term and condition of employment since it directly relates to safety issues arising as a result of the change in policy. Nothing within the statutory scheme of General Municipal Law § 207-c makes the PBA's demand for hazardous duty pay a prohibited subject of negotiation. As Supreme Court

reasoned, if we were to adopt the position urged by petitioner, it could: "[U]nilaterally expand the nature and duties of those police officers assigned to light duty without regard to the impact, if any, those changes may have on those officers in 207-c status or those assigned to work with them * * * [W]hile the Legislature, by enacting GML 207 (c) [sic], intended to insure that those disabled and assigned to light duty, would receive an uninterrupted salary, it did not simultaneously intend to prevent those same officers from bargaining for what they may perceive to be job-related risks. To find otherwise * * * would have a chilling effect on the collective bargaining process and would be antithetical to the underlying objectives of the statute in question."

Further, finding no merit to petitioner's assertion that the negotiation demands were in the nature of a penalty having "no reasonable relationship to a particular hazard or to other circumstances affecting the working conditions" (*Village of Spring Val. Policemen's Benevolent Assn. [Village of Spring Val.]*, 14 PERB ¶ 3010, at 3017), we affirm Supreme Court's judgment.[2]

Mikoll, J. P., Crew III, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

2. Since General Municipal Law § 207-c does not pertain to the compensation of full-status officers and since no contention has been raised that PERB's determination with respect to such officers was in error, we decline to address the issue.