■ In the Matter of CITY OF WATERTOWN, Appellant, v STATE OF NEW YORK PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [693 NYS2d 750] —Cardona, P. J. Appeal from an order of the Supreme Court (Donohue, J.), entered June 4, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Employment Relations Board finding that petitioner must negotiate the process of review of municipal determinations made pursuant to General Municipal Law § 207-c.

As a result of an impasse in collective bargaining negotiations between respondent Watertown Police Benevolent Association (hereinafter the PBA) and petitioner, the PBA petitioned respondent Public Employment Relations Board (hereinafter PERB) for compulsory interest arbitration. Among the matters in dispute was the PBA's proposal to have petitioner negotiate the forum and procedures associated with review of its determinations for benefits under General Municipal Law § 207-c. In particular, the PBA sought to have disputes relating to such determinations referred to final and binding arbitration. Thereafter, petitioner filed an improper practice charge claiming, *inter alia*, that this bargaining demand was not a mandatory subject of collective bargaining. The matter was referred to an Administrative Law Judge who

---

* Petitioner is currently serving his sentence in the custody of the Department of Correctional Services.

found that the issue was a mandatory subject of collective bargaining and dismissed the petition. In response to exceptions filed by petitioner, PERB affirmed the Administrative Law Judge's decision. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging PERB's determination. Supreme Court dismissed the petition, resulting in this appeal.

Initially, we note that, inasmuch as the instant issue involves the interpretation of General Municipal Law § 207-c and the legislative purpose underlying it, no special deference need be given PERB's determination (*see, Matter of Rosen v Public Empl. Relations Bd.,* 72 NY2d 42, 47-48). General Municipal Law § 207-c provides a mechanism by which police officers injured or rendered ill as a result of the performance of their duties may obtain full salary and benefits during the period of disability. The statute vests the municipality with certain exclusive rights, such as the right to determine in the first instance if the disability is work related (*see, Matter of DePoalo v County of Schenectady,* 85 NY2d 527, 532). Similarly, the statute authorizes the municipality to independently require officers to perform light-duty work and to undergo surgery where reasonable (*see, Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 85 NY2d 480, 486).

Notably, there is nothing in General Municipal Law § 207-c or the relevant case law which requires a municipality to establish a review procedure with respect to determinations made thereunder. To impose such a requirement would, in our view, detract from a municipality's right to make initial determinations concerning an applicant's entitlement to benefits under the statute (*see, Matter of DePoalo v County of Schenectady, supra*). While there is nothing to prohibit a municipality from voluntarily agreeing to negotiate a review procedure like the one proposed in the case at hand (*see, Local 589, Intl. Assn. of Fire Fighters v City of Newburgh,* 116 AD2d 396, 403), we decline to direct petitioner to do so absent an amendment to General Municipal Law § 207-c or other compelling authority. Therefore, we conclude that Supreme Court should have granted the petition and annulled PERB's determination.

Mikoll, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, determination annulled and petition granted.