[714 NYS2d 802]

In the Matter of UNIFORM FIREFIGHTERS OF COHOES, LOCAL 2562, IAFF, AFL-CIO, Appellant, v MICHAEL R. CUEVAS, as Chairman of the New York State Public Employment Relations Board, et al., Respondents.

Third Department, October 26, 2000

## APPEARANCES OF COUNSEL

*Lombardi, Reinhard, Walsh & Harrison, P. C.,* Albany (*Richard P. Walsh, Jr.,* of counsel), for appellant.

*David P. Quinn, Public Employment Relations Board,* Albany, for respondents.

*Bohl, Della Rocca & Dorfman, P. C.,* Albany (*James B. Tuttle* of counsel), for Police Conference of New York, Inc., *amicus curiae.*

**OPINION OF THE COURT**

GRAFFEO, J.

Before us for review in this challenge to a determination of the Public Employment Relations Board (hereinafter PERB) are two holdings in which PERB has departed from its prior precedent and redefined what may constitute a mandatory subject of negotiation upon the expiration of a collective bargaining agreement between police officers and firefighters and their municipal employers.

Petitioner, the bargaining representative of firefighters employed by the City of Cohoes in Albany County, and respondent City of Cohoes were parties to a collective bargaining agreement (hereinafter CBA) that expired December 31, 1994. In April 1996, after negotiations for a subsequent agreement reached an impasse, petitioner filed an application with PERB requesting arbitration under Civil Service Law § 209. The parties then filed improper labor practice charges, each accusing the other of having violated Civil Service Law § 209-a (2) (b) by submitting nonmandatory bargaining proposals for consideration by the arbitration panel.

Of relevance to this appeal, petitioner objected to the City's proposal to delete or alter certain terms in the expired CBA relating to staffing composition and job assignment, particularly officer replacement procedures and the obligation of firefighters to engage in snow removal—previously managerial prerogatives deemed nonmandatory subjects of negotiation prior to their inclusion in the parties' previous CBA. In addition, petitioner asserted that it was an improper practice to request negotiation of a proposal relating to the receipt of General Municipal Law § 207-a disability benefits since the proposal would require its membership to forego certain statutory rights and privileges—matters PERB had traditionally excepted from mandatory negotiation.

Based on a stipulated record, the Administrative Law Judge (hereinafter ALJ), applying PERB precedent, found that the proposals to which petitioner objected were not mandatory subjects of negotiation and, therefore, directed that these subjects be withdrawn. The City pursued an administrative appeal and PERB reversed the ALJ's determination, issuing the two rulings now in dispute. Overruling its long-standing

precedent, PERB held that once nonmandatory subjects have been incorporated into a CBA involving police officers and fire-fighters, such subjects become mandatory subjects of negotiation for the purposes of collective bargaining of a subsequent agreement. PERB further ruled that proposals concerning the terms and conditions of employment that would require an employee organization or its members to waive or modify statutory rights and privileges are also mandatorily negotiable, unless bargaining as to those matters is foreclosed by clear legislative intent or public policy.

Upon remittal for further analysis of the waiver issue, the ALJ held that negotiations concerning the particular General Municipal Law § 207-a provisions at issue were not prohibited under the new standard. PERB affirmed the ALJ's second decision,* reaffirmed its rulings and dismissed petitioner's unfair practice charge against the City. Supreme Court rejected petitioner's CPLR article 78 challenge to these determinations. On this appeal, petitioner seeks annulment of PERB's two rulings on the ground that such administrative action was arbitrary, capricious and lacked a reasonable basis.

Before addressing the challenged rulings, we reiterate the standard for judicial review of an administrative decision. It is well settled that such a determination will not be disturbed unless it is affected by an error of law, is arbitrary and capricious or constitutes an abuse of discretion (*see*, CPLR 7803 [3]; *Matter of Incorporated Vil. of.Lynbrook v New York State Pub. Empl. Relations Bd.*, 48 NY2d 398, 404). A decision inconsistent with an agency's own precedent which ignores the existence of prior rulings or provides no basis for lack of adherence thereto is arbitrary and capricious and will not be upheld (*see*, *Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520; *Matter of Collins v Governor's Off. of Empl. Relations*, 211 AD2d 1001, 1003). However, where a change in policy is openly acknowledged and the decision to implement a new approach is cogently explained, a determination which declines to follow agency precedent will not be disturbed unless it is irrational (*see, e.g.*, *Matter of Nathel v Commissioner of Taxation & Fin.*,

---

* Although petitioner challenges PERB's decision to adopt a new approach to determining whether proposals that require the waiver of employee statutory rights may be mandatorily negotiable, it makes no argument in its brief contesting the manner in which PERB applied the new rule to City proposal No. 40 in the determination after remand, and we, therefore, have no occasion to address that question (*see*, *Pompa v Burroughs Wellcome Co.*, 259 AD2d 18, 20, n 2 [issues not raised in appellate brief are waived]).

232 AD2d 836, 837; *Matter of Troise v Smith*, 202 AD2d 595, 596).

"As the agency charged with interpreting the Civil Service Law, PERB is accorded deference in matters falling within its area of expertise [citation omitted]" (*Matter of Board of Educ. v New York State Pub. Empl. Relations Bd.*, 75 NY2d 660, 666). Unless a matter turns on a pure question of statutory interpretation (*see, Matter of City of Schenectady v New York State Pub. Empl. Relations Bd.*, 85 NY2d 480, 485; *Matter of Town of Carmel v Public Empl. Relations Bd.*, 246 AD2d 791, 792), an issue as to whether a bargaining proposal involves a "term and condition" of employment, which renders it a mandatory subject of collective bargaining under the Taylor Law, is committed to PERB's sound discretion (*see, Matter of City of Watertown v State of New York Pub. Empl. Relations Bd.*, 95 NY2d 73, 81-82; *Matter of Board of Educ. v New York State Pub. Empl. Relations Bd., supra; Matter of West Irondequoit Teachers Assn. v Helsby*, 35 NY2d 46, 51).

Bearing these legal principles in mind, we first address petitioner's challenge to the propriety of PERB's decision to augment its traditional "subject matter approach" in defining what constitutes mandatory bargaining proposals with its newly enunciated "conversion analysis" applicable to labor relations involving police officers and firefighters. Prior to this ruling, PERB has strictly examined the subject matter or nature of the item proposed in deciding whether a proposal is a mandatory subject of collective bargaining. For decades, PERB determined the negotiating status of issues on an ad hoc basis; generally, any subject that had a significant or material relationship to the conditions of employment was deemed a mandatory subject of negotiation, provided it did not concern the basic goals or missions of the public employer (*see*, Lefkowitz, Osterman and Townley, Public Sector Labor and Employment Law, at 465 [2d ed 1998]).

In its new approach affecting police officers and firefighters, PERB has articulated that, in addition to the issues previously viewed as mandatory due to the nature of their subject matter, proposals that were nonmandatory when initially negotiated will now be converted into mandatory subjects by virtue of their incorporation in a CBA for the purposes of collective bargaining of a subsequent agreement between the same parties. PERB acknowledges this policy directive is a significant departure from its own precedent; indeed, PERB emphasizes that at least twice in the past, it has expressly considered but

declined to adopt this "conversion" approach (*see, Matter of Glens Falls Firefighters Union*, 30 PERB ¶ 3047; *Matter of City of Johnstown*, 25 PERB ¶ 3085).

The broad implications of this policy are justified by PERB as a means to remedy what it perceives to be a bargaining imbalance that allegedly has resulted from the enactment in 1982 of Civil Service Law § 209-a (1) (e). Under that provision, commonly known as the Triborough Law, public employers are obligated to continue all terms of an expired collective bargaining agreement—whether mandatory or nonmandatory subjects—until the parties reach a new agreement. Thus, PERB asserts that employees continue to receive the benefits of nonmandatory terms of a CBA after it expires while simultaneously refusing a municipality's requests to negotiate concerning those particular provisions. Where an impasse in negotiations culminates in compulsory interest arbitration, as is the case for disputes involving police officers and firefighters (*see,* Civil Service Law § 209 [4]), PERB claims that the employer's obligation to continue nonmandatory terms may result in a bargaining imbalance since nonmandatory issues may not be submitted to arbitration over the objection of the employee organization (*see, Matter of Local 650, AFSCME*, 18 PERB ¶ 3015; *see also,* 4 NYCRR 205.6). Because arbitration does not relieve employers of their obligations under the Triborough Law, police officers and firefighters continue to receive the benefits of employer concessions concerning nonmandatory subjects reflected in the expired CBA through impasse resolution. Simultaneously, these employees may pursue through arbitration the award of benefits they had previously bargained away in exchange for those employer concessions. Thus, according to PERB, employees may find themselves in a better situation after a contract has expired than they experienced during the contract term—an outcome which PERB claims undermines collective bargaining and erodes the public policy codified in the Taylor Law. Under the new rule, upon expiration of a CBA, employee organizations will have an enhanced incentive to resolve through negotiation employers' issues concerning concessions made in the expired agreement, there being no particular advantage to be gained from proceeding to arbitration.

Petitioner, of course, strenuously contests PERB's assessment of the collective bargaining climate in public sector labor relations in the aftermath of the Triborough statute. Arguing that employees have traditionally made concessions, such as

forgoing long-term pay raises, retirement options or health benefits, in order to achieve the placement of certain nonmandatory subjects in CBAs on the assumption that they would benefit from their gains after the CBA expired, petitioner posits that PERB's new approach is unfair. Furthermore, it predicts that this substantial change in the rules governing negotiability will inhibit rather than encourage bargaining. Citing PERB's past rejection of the conversion theory of negotiability in *Matter of City of Johnstown* (*supra*) and *Matter of Glens Falls Firefighters Union* (*supra*), petitioner avers that the ruling under review is arbitrary and capricious and contravenes the underlying purposes of the Taylor Law.

PERB offers a different interpretation of its prior rulings, noting that it recognized the potential bargaining imbalance presented by the Triborough Law back in 1992 in its *Johnstown* decision. In that case, it voiced concern that reconsideration of the subject matter approach would be necessary if employee organizations refused to voluntarily negotiate nonmandatory issues and the Legislature failed to remedy the problem (*see, Matter of City of Johnstown*, 25 PERB ¶ 3085, *supra*). PERB again recognized the employers' dilemma in the decision in *Matter of Glens Falls Firefighters Union* (*supra*, at 3109) but concluded that, as five years had elapsed since the issue last arose, it was not yet necessary to follow through on its "suggestion that [it] might in the future expand the scope of bargaining if circumstances warranted a change." In the determination under review, however, PERB was presented with a second "negotiation dispute involving a union's refusal to negotiate an employer's demand to discontinue or modify a nonmandatory term contained in an expired agreement" (*id.*) within a year of the *Glens Falls* dispute. With two distinct bargaining units having recently declined to voluntarily negotiate nonmandatory items, PERB now contends it has acted on its prior warning that an administrative remedy might be forthcoming.

It would be inappropriate for this Court to independently assess whether the pendulum of power has shifted in the current milieu of public sector labor negotiations as PERB has concluded. Rather, we are governed by the standard of review applicable to this CPLR article 78 proceeding and must defer on such matters to the expertise of the agency charged with implementing the State's Taylor Law policy. Although there are apparently a myriad of other approaches that PERB might have pursued in these circumstances (*see, e.g.*, Moses, *Scope of*

*Bargaining and the Triborough Law: New York's Collective Bargaining Dilemma*, 56 Alb L Rev 53, 112-117 [1992]), upon consideration of the record, we cannot say that the remedy chosen—the adoption of the conversion analysis—is arbitrary or without a rational basis. As PERB provided a detailed explanation for its decision to depart from its previous analysis on the ground that it intended to create a more equal bargaining posture between the parties in order to foster productive negotiation, and in recognition of the deference to which it is entitled in the realm of improper labor practices, we find PERB's exercise of authority to be neither arbitrary nor irrational. Therefore, we affirm Supreme Court's holding on this issue.

■ We next address the ruling wherein PERB announced a new procedure for determining the negotiability of proposals relating to terms and conditions of employment that involve the waiver of employee statutory rights and privileges, indicating that each such proposal should be examined on an issue-by-issue basis to determine whether the bargaining of such matters is prohibited by clear legislative intent or public policy. In the past, PERB adopted a policy that automatically categorized such proposals as nonmandatory, without analysis of whether negotiations concerning particular proposals would be consistent with the applicable statute's legislative intent, public policy, or the furtherance of the objectives of the Taylor Law.

It has long been recognized that employee organizations may waive, through the voluntary process of entering into collective bargaining agreements, certain constitutional and statutory rights of their employee members, provided such waivers do not violate public policy (*see, Antinore v State of New York*, 49 AD2d 6, *affd* 40 NY2d 921). Although courts have repeated the rule articulated in PERB's prior holdings that a bargaining proposal that diminishes or restates benefits provided to employees by statute is automatically nonmandatory (*see, e.g., Matter of City of Watertown v State of New York Pub. Empl. Relations Bd.*, 95 NY2d 73, 79, *supra*), we have not found any precedent suggesting that a contrary holding by PERB would be irrational, nor does petitioner rely on any cases in support of this contention.

Thus, we turn to the rationale underlying the determination. PERB's stated reason for its change in approach was, again, its desire to rectify what it perceives to be an imbalance in negotiating power between public employees and their munici-

pal employers stemming from the fact that, under the prior rule, the same proposal could be mandatorily negotiable when proposed by the employee organization, but automatically deemed nonmandatory if proposed by the employer. PERB maintains that this is inconsistent with Civil Service Law § 204 (3) which imposes upon employers and employee organizations a "mutual obligation" to bargain "with respect to wages, hours, and other terms and conditions of employment." Given the deference to be accorded PERB's expertise in this area, we cannot say that its conclusion that the interests of the Taylor Law would best be promoted by abandoning the rule that automatically exempted certain otherwise mandatorily negotiable subjects in favor of a more particularized approach is arbitrary or irrational. This approach—the review of each proposal on a case-by-case basis to determine whether mandatory negotiation would contravene public policy or be inconsistent with the statute's legislative intent—appears to be substantially the same as the method used to determine whether proposals of employee organizations that implicate the rights of public employers are mandatorily negotiable (*see, e.g., Matter of City of Schenectady v New York State Pub. Empl. Relations Bd.*, 85 NY2d 480, *supra*; *Matter of Webster Cent. School Dist. v Public Empl. Relations Bd.*, 75 NY2d 619; *Matter of City School Dist. v New York State Pub. Empl. Relations Bd.*, 74 NY2d 395; *Matter of Town of Carmel v Public Empl. Relations Bd.*, 246 AD2d 791, *supra*).

Petitioner submits that by requiring that proposals relating to the waiver of statutory rights be subject to negotiation, PERB is effectuating the involuntary waiver of those rights. However, the Taylor Law clearly provides that the obligation to negotiate concerning terms and conditions of employment "does not compel either party to agree to a proposal or require the making of a concession" (Civil Service Law § 204 [3]). Similarly, we are unconvinced by petitioner's argument that the holding at issue will destroy the mutuality of the bargaining obligation because employers may refuse to bargain those proposals that relate to their mission, but employees will no longer possess a concomitant power. In our view, this posture overstates the implications of PERB's holding. PERB has not issued a blanket determination that all statutory rights granted employees are mandatorily negotiable; rather, it has adopted an item-by-item approach to identifying which proposals relating to the terms and conditions of employment must be negotiated. Under PERB's holding, a proposal requiring the

waiver of a statutory right or privilege will be mandatorily negotiable only if such negotiation is consistent with public policy and not contrary to legislative intent. To the extent that it is not, negotiation concerning such an item will be deemed nonmandatory or prohibited (*see, Matter of Town of Mamaroneck PBA v New York State Pub. Empl. Relations Bd.*, 66 NY2d 722; *City of Newburgh v Potter*, 168 AD2d 779, *lv denied* 78 NY2d 857).

In this regard, we note that petitioner has not challenged the manner in which PERB's holding was applied to the particular proposals at issue in this case, choosing instead to pursue a general challenge to the new procedure. As we see no evidence that, as a matter of principle, PERB's adoption of this more particularized analysis is patently unfair or irrational as petitioner contends, it may not be disturbed.

The issues raised in the amicus brief not having been presented before either PERB or Supreme Court, we find that they are not properly before us and we decline to address them (*see, Matter of Pure Air & Water v Davidsen*, 246 AD2d 786, 787, *appeal dismissed* 91 NY2d 955, *lv denied* 92 NY2d 807, *appeal dismissed* 93 NY2d 1013; *Matter of Alcott Staff Leasing v New York Compensation Ins. Rating Bd.*, 224 AD2d 54, 58; *Matter of Forty Second St. Co. v Tax Appeals Tribunal*, 219 AD2d 98, 101, n, *lv denied* 88 NY2d 807). Petitioner's remaining contentions, to the extent that they have not been discussed, have been considered and found to be unpersuasive.

In sum, as we concur with Supreme Court's conclusion that PERB's holding is neither arbitrary, capricious, an abuse of discretion nor affected by an error of law, we affirm the judgment upholding the determination.

MERCURE, J. P., PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the judgment is affirmed, without costs.