■ In the Matter of POUGHKEEPSIE PROFESSIONAL FIREFIGHTERS' ASSOCIATION, LOCAL 596, IAFF, AFL-CIO-CLC, et al., Respondents, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Appellants. [792 NYS2d 637]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Stein, J.), entered September 26, 2003 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Public Employment Relations Board finding, inter alia, that certain proposed contract terms were not mandatory subjects of collective bargaining.

General Municipal Law §§ 207-a and 207-c authorize municipalities to make initial determinations as to whether an injured firefighter or police officer is entitled to benefits under such statutes. This initial determination by the municipality is not mandatorily negotiable (see Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd., 85 NY2d 480, 483 [1995]). Procedures for reviewing the initial determination, however, are a proper subject for mandatory bargaining (see Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd., 95 NY2d 73, 76-77 [2000]). The current controversy centers on whether petitioners' proposed procedure sought solely review of an initial determination (and thus was proper) or whether it improperly infringed upon the municipality's right to make the initial determination.

Petitioners demanded during contract negotiations with respondent City of Poughkeepsie that a dispute regarding the municipality's determination of a firefighter's benefits under General Municipal Law § 207-a be determined by an arbitrator clothed with authority to decide the claim "de novo." The City filed an improper practice charge regarding that demand and respondent Public Employment Relations Board (hereinafter PERB) found the demand to be prohibited since it abrogated the municipality's statutory prerogative to make an initial de-

termination (*see Matter of City of Poughkeepsie [Poughkeepsie Professional Fire Fighters' Assn., Local 596, I.A.F.F., AFL-CIO-CLC]*, 33 PERB ¶ 3029 [2000]). Thereafter, petitioners offered another procedure for collective bargaining providing that any firefighter dissatisfied with the municipality's determination of section 207-a benefits could submit the claim to binding arbitration by an arbitrator who (a) decides the nature of the claim, (b) decides who has the burden of proof based upon the nature of the claim, (c) takes evidence with respect to the claim, and (d) makes a determination as to whether or not the employee is entitled to benefits. The City challenged this demand and PERB held that, unlike in *Matter of City of Watertown (Watertown Police Benevolent Assn.)* (30 PERB ¶ 3072 [1997], *confirmed* Sup Ct, Albany County, June 4, 1998, Donohue, J., *revd sub nom. Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.*, 263 AD2d 797 [1999], *revd* 95 NY2d 73 [2000]) where "the demand [was] a substitute appeal procedure in order to avoid commencing an [a]rticle 78 proceeding," this demand by petitioners did not merely seek review of the municipality's determination but sought "a new determination of the underlying claim of the affected employee by a substituted initial decision-maker, who is not designated by the employer." PERB thus found the demand prohibited. Petitioners then commenced the current CPLR article 78 procedure seeking to annul PERB's decision. Supreme Court granted the petition, prompting this appeal by respondents.

Upon review of the procedure proposed in petitioners' demand, we agree with PERB that the procedure does not merely seek review of the municipality's initial determination. Instead, the proposed procedure seeks to obtain a redetermination which, in effect, makes the municipality's right to make the initial determination illusory. In short, it is a procedure to replace the determination, not review it. We are persuaded that PERB correctly and rationally interpreted and applied the pertinent law—including the Court of Appeals' decision in *Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.* (95 NY2d 73, *supra*)—to the current dispute. Moreover, "PERB, as the agency charged with interpreting the Civil Service Law, is 'accorded deference in matters falling within its area of expertise' " (*id.* at 81, quoting *Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd.*, 75 NY2d 660, 666 [1990]), and that deference applies to the current proceeding (*see Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd, supra* at 81).

Peters, J.P., Carpinello and Mugglin, JJ., concur. Ordered that

the judgment is reversed, on the law, without costs, and petition dismissed.