23-663
*Garland v. NYFD*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty-four.

PRESENT:     Steven J. Menashi,
                      Sarah A. L. Merriam,
                               *Circuit Judges,*
                      Stephen A. Vaden,
                               *Judge.*[1]

_____

JOHN GARLAND, VINCENT BOTTALICO, TIMOTHY A. HEATON, JOSEPH BEVILACQUA, JOSEPH CICERO, JOSEPH COLUMBIA, ANDREW COSTELLO, JAMES DANIEL DALY, III, VINCENT DEFONTE, KENNETH DEFOREST, SALVATORE DEPAOLA, BRIAN F. DOYLE,

---

[1] Judge Stephen A. Vaden of the United States Court of International Trade, sitting by designation.

NATHAN EVANS, CHRISTOPHER FILOCAMO, KEVIN GARVEY, CHARLES GUARNEIRI, DANIEL J. OSHEA, MARGOT LOTH, MICHAEL LYNCH, DENNIS O'KEEFFE, BRIAN PATRICK SMITH, KURT PFLUMM, CHRISTOPHER RAIMONDI, PAUL SCHWEIT, JOSEPH T. JOHNSON, DAVID BUTTON, PAUL PARR, MARK SINCLAIR, DANIEL BAUDILLE, JOHN DREHER, THOMAS OLSEN, GIUSEPPE ROBERT PENORO, MATTHEW CONNOR, NICHOLAS MULLGAN, RANDALL SANTANA, ANTHONY PERRONE, SCOTT ETTINGER, ANTHONY MASTROPIETRO, RASHAAD TAYLOR, ANTHONY RUGGIERO, JOSEPH MURDOCCA, KEITH KLEIN, PAUL VASQUENZ, MARK HENESY, RYAN K. HALL, JUDE PIERRE, MICHELLE SANTIAGO, ROBERT DITRANI, BRIAN T. DENZLER, MICHAEL MCGOFF, CHRISTOPHER INFANTE, GEORGE J. MURPHY, THOMAS FEJES, JOHN COSTELLO, BRANDON PHILLIPS, JOSEPH DEPAOLA, BRENDAN MCGEOUGH, JASON CHARLES, ANTHONY C. CARDAZONE, OWEN FAY, MICHAEL FADDA, JOSEPH M. PALMIERI, JARED DYCHKOWSKI, JOHN TWOMLEY, MATT KOVAL, GLENN CLAPP, ROBERT YULI, MATTHEW SINCLAIR, TIM RIVICCI, JOHN ARMORE, MICHAEL SAMOLIS, FELICIA J. TSANG, WILLIAM JOHN SAEZ, ROSARIO CURTO, DAVID SUMMERFIELD, KEVIN ERKMAN, BERNADETTE MEJIA, DANIEL

YOUNG, SEAN FITZGERALD, CRAIG LEAHY, DANIEL STROH, STEPHEN INGUAGIATO, STEPHEN BUTTAFUCCO, PHILLIP J. DARCEY, AINSLEY ATWELL, and RODNEY COLON,

*Plaintiffs-Appellants,*

v.

No. 23-663

NEW YORK CITY FIRE DEPARTMENT, DANIEL A. NIGRO, JOHN DOE #1-10, JANE DOE #1-10, CITY OF NEW YORK, HENRY GARRIDO, DISTRICT COUNCIL 37, AFSCME AFLCIO, LOCAL 2507, DISTRICT COUNCIL 37, AFSCME AFLCIO, LOCAL 3621 and DISTRICT COUNCIL 37, AFSCME AFL-CIO,

*Defendants-Appellees,*

UNIFORMED FIRE OFFICERS ASSOCIATION, LOCAL 854 INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFFILIATED WITH THE AFL-CIO and UNIFORMED FIREFIGHTERS ASSOCIATION OF GREATER NEW YORK,

*Defendants.*

_____

| | |
|---|---|
| *For Plaintiffs-Appellants:* | AUSTIN GRAFF, The Scher Law Firm, LLP, Garden City, New York. |

3

*For Defendants-Appellees City of New York, New York City Fire Department, and Daniel A. Nigro:*

CHLOÉ K. MOON, Assistant Corporation Counsel (Claude S. Patton, Assistant Corporation Counsel, *on the brief*), *for* Sylvia O. Hinds Radix, Corporation Counsel of the City of New York, New York, New York.

*For Defendants-Appellees District Council 37 and Henry Garrido:*

Peter D. DeChiara, Cohen, Weiss and Simon LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

The plaintiffs in this case are current or former employees of the New York City Fire Department ("NYFD"). In October 2021, the NYFD instituted mandatory vaccination against COVID-19 for all employees. The plaintiffs failed to comply with the vaccine mandate, were suspended without pay, and, in some cases, were eventually fired. They brought a class action, asserting that the NYFD had violated their rights under the Due Process Clause of the Fourteenth Amendment. The district court dismissed their action for failure to state a claim. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

## I

On October 20, 2021, the New York City Commissioner of Health ordered all New York City employees to be vaccinated against COVID-19. Pursuant to the commissioner's order, all non-exempt employees were required to provide proof

4

of vaccination by October 29. John J. Hodgens, the Chief of Operations of the NYFD, issued a memorandum to all NYFD employees on October 21, implementing the commissioner's order. The memorandum informed employees that they could submit requests for religious or medical exemptions prior to October 27. Employees who failed to submit proof of vaccination or to request an accommodation by the applicable deadline would be placed on leave without pay ("LWOP") status on November 1. If an employee's accommodation request was denied, the employee could appeal to a city-wide panel, which was to complete its review by November 25, 2021. Employees would not be placed on LWOP status during the pendency of an appeal.

The city sought to bargain with the firefighters' unions regarding the impact of the vaccine mandate. One of the unions—District Council 37 ("DC37"), which represents emergency medical services personnel—entered into an agreement with the city which provided, *inter alia*, that members could not be placed on LWOP status before December 1, 2021. The other two unions—the Uniformed Fire Officers Association ("UFOA") and the Uniformed Firefighters Association ("UFA")—did not come to an agreement with the city, and the UFA challenged the vaccine mandate in New York state court and before the New York Public Employment Relations Board.

The plaintiffs all failed to submit proof of vaccination or to request an accommodation by the applicable deadline and were placed on LWOP status. The plaintiffs commenced this action on November 24, 2021, seeking a preliminary injunction and a declaratory judgment against the NYFD and the unions. Their complaint asserted a cause of action for violation of their procedural due process rights under the Fourteenth Amendment, along with related claims under 42 U.S.C. § 1983. On December 6, 2021, the district court denied the plaintiffs' request for a preliminary injunction, holding that they had not established a substantial likelihood of success on the merits. *See Garland v. New York City Fire Dep't*, 574 F. Supp. 3d 120, 127 (E.D.N.Y. 2021). The plaintiffs filed an amended complaint on January 5, 2022, asserting "primarily the same causes of action as in the original

complaint" but adding "a request for the Court to issue a declaratory judgment that the DC37 Agreement 'was entered into without any contractual authority' and therefore the Plaintiffs' suspension without pay violated their due process rights" as well as "a § 1983 conspiracy claim based on the DC37 Agreement." *Garland v. City of New York*, 665 F. Supp. 3d 295, 301 (E.D.N.Y. 2023). On March 29, 2023, the district court granted the defendants' motions to dismiss the amended complaint, relying largely on the reasoning in its order of December 6, 2021. The district court denied the plaintiffs leave to amend the complaint a second time on the ground that amendment would be futile. This appeal followed.

## II

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 19 F.4th 145, 147 (2d Cir. 2021) (quoting *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021)). "Although we generally review denials of leave to amend for abuse of discretion, in cases in which the denial is based on futility, we review de novo that legal conclusion." *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021).

## III

"To determine whether a plaintiff was deprived of property without due process of law in violation of the Fourteenth Amendment, we must first identify the property interest involved. Next, we must determine whether the plaintiff received constitutionally adequate process in the course of the deprivation." *O'Connor v. Pierson*, 426 F.3d 187, 196 (2d Cir. 2005). The district court held, and the defendants do not dispute, that the plaintiffs have a constitutionally protected property interest in their pay and continued employment with the NYFD. Therefore, we need only decide whether the plaintiffs received constitutionally adequate process.

**A**

Although the plaintiffs have not raised stand-alone state-law claims in this case, their briefing has focused on the argument that the process by which NYFD imposed the vaccine mandate violated New York state and municipal law. The New York City Administrative Code provides that firefighters "shall be removable only after written charges shall have been preferred against them, and after the charges shall have been publicly examined into, upon such reasonable notice of not less than forty-eight hours to the person charged." N.Y.C. Admin. Code § 15-113. New York courts generally hold, however, that procedures such as these need not be followed when a public employee is terminated for "failure to satisfy a qualification of employment unrelated to job performance, misconduct, or competency." *Garland*, 574 F. Supp. 3d at 127 (citing cases). The district court therefore held that the plaintiffs were not entitled to the process described in section 15-113 before being placed on LWOP status or terminated pursuant to the vaccine mandate.

The plaintiffs, however, argue that vaccination was not a valid "qualification of employment" because the NYFD did not bargain with the UFOA and the UFA before imposing the vaccine mandate. As the plaintiffs observe, the New York Court of Appeals has held that "the Taylor Law (Civil Service Law § 200 *et seq.*) generally requires bargaining between public employers and employees regarding the terms and conditions of employment." *Schenectady Police Benev. Ass'n v. New York State Pub. Emplt. Rels. Bd.*, 650 N.E.2d 373, 375 (N.Y. 1995). Because the NYFD did not engage in collective bargaining with the UFOA and the UFA before imposing the vaccine mandate, the plaintiffs contend, the vaccine mandate was not a valid condition of employment with respect to the members of those unions. For that reason, they argue, terminating unvaccinated UFOA and UFA members without the process described in section 15-113 of the New York City Administrative Code violated their statutory rights. In addition, the plaintiffs assert that it was a violation of their right to due process under the Fourteenth Amendment.

7

The plaintiffs advance a plausible argument that the process by which the NYFD imposed and enforced the vaccine mandate violated state and municipal law. As the New York Court of Appeals has observed, New York's policy of collective bargaining for public employees is "'strong' and 'sweeping.'" *Schenectady Police*, 650 N.E.2d at 375 (quoting *Cohoes City Sch. Dist. v. Cohoes Teachers Ass'n*, 358 N.E.2d 878, 880 (N.Y. 1976)). Both this court and many New York state courts have held that vaccination is a "condition of employment." *We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021); *see also Garland*, 665 F. Supp. 3d at 307 n.8 (noting that "nearly all … New York state courts to address the issue have found that the Vaccine Mandate was a condition of employment" and citing cases). That would bring the vaccine mandate within the scope of the Taylor Law. Moreover, the New York City Office of Collective Bargaining has held that the City and the NYFD were obligated to bargain with the firefighters' unions over at least some aspects of the vaccine mandate's implementation.[1]

However, as noted, the plaintiffs have not raised stand-alone state-law claims in this action; rather, they have invoked alleged violations of state and municipal law only to support their federal due-process claim. Even if the plaintiffs established violations of state or municipal law, it is well established that

---

[1] While it held that the city and the NYFD were obligated to bargain with the unions, the Office of Collective Bargaining declined to order the reinstatement of firefighters who had been terminated for failure to comply with the vaccine mandate partly because "[o]ver eleven months [had] passed since the Vaccine Mandate was issued, and the deadlines to be vaccinated as well as the need to address reasonable accommodation requests have come and gone." J. App'x 548. However, the Office of Collective Bargaining also noted that the unions had not requested reinstatement for members who had been terminated; rather, the unions sought relief that "was limited to a declaration that the City violated its obligation to negotiate in good faith and an order that the City bargain in good faith over implementation of policies related to the Vaccine Mandate." *Id.* at 548 n.10. Therefore, it appears to remain undecided whether the plaintiffs would be entitled to reinstatement if they successfully argued in a state court proceeding that the implementation and enforcement of the vaccine mandate violated state and municipal law.

8

"a violation of state law does not *per se* result in a violation of the Due Process Clause." *Tooly v. Schwaller*, 919 F.3d 165, 172 (2d Cir. 2019). The Supreme Court has explained that the "minimum procedural requirements" of due process are "a matter of federal law" and "are not diminished by the fact that the State may have specified its own procedures that it may deem adequate for determining the preconditions to adverse official action." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) (alteration omitted) (quoting *Vitek v. Jones*, 445 U.S. 480, 491 (1980)). We too have previously recognized that "the failure to comply with all or any requirements of New York State Civil Service Law may not *per se* result in a violation of the due process clause of the Fourteenth Amendment." *Tooly*, 919 F.3d at 173 (quoting *Tooly v. State Univ. of N.Y.*, No. 7:13-CV-01575, 2017 WL 6629227, at *5 (N.D.N.Y. Oct. 2, 2017)). Rather, a court must "assess whether [the defendant's] conduct violated the procedural guarantees of the federal Due Process Clause, as laid out by the Supreme Court." *Id.* We therefore proceed to analyze whether the process afforded to the plaintiffs satisfied the minimum standards of that clause.

**B**

We have explained that "[t]he touchstone of due process … is 'the requirement that a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.'" *Spinelli v. City of New York*, 579 F.3d 160, 169 (2d Cir. 2009) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 348-49 (1976)). In the case of a public employee who may be terminated only for cause, "procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001).[2] We conclude that

---

[2] We have noted that "[t]he Supreme Court distinguishes between deprivations of liberty or property occurring as a result of established governmental procedures, and those based on random, unauthorized acts by government officers." *Locurto*, 264 F.3d at 172 (citing *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)). When the government deprives a citizen of a protected

the process afforded to the plaintiffs satisfied this minimum constitutional standard.

The October 21 memorandum to all NYFD employees provided the plaintiffs with constitutionally adequate notice. Indeed, the plaintiffs do not argue on appeal that they did not receive sufficient notice. The decisive question for this appeal is thus whether the plaintiffs were afforded an adequate opportunity to be heard.

With respect to plaintiffs who sought a religious or medical exemption, we conclude that the city provided an adequate opportunity to be heard by allowing NYFD employees to make an exemption request and pursue an appeal to a city-wide panel if the request was denied. These plaintiffs also had access to additional post-deprivation process in the form of an Article 78 proceeding and the grievance procedures under their collective-bargaining agreements. The plaintiffs assert in their reply brief that the accommodation process "was a sham" because "in reality, there was little chance that any Appellant would have received an actual accommodation." Reply Br. 20. According to the plaintiffs, out of approximately 3,200 appeals from denials of accommodation requests, only about 100 were successful. *See id.* If the accommodation process was indeed a sham—that is, if the NYFD or the city-wide panel indiscriminately denied all or most meritorious

---

liberty or property interest "in the more structured environment of established state procedures, rather than random acts, the availability of postdeprivation procedures will not, ipso facto, satisfy due process." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citing *Hudson v. Palmer*, 468 U.S. 517, 531 (1984)). The plaintiffs advert to this distinction in their reply brief in arguing that the availability of an Article 78 proceeding, coupled with the pre-deprivation process afforded them, did not satisfy the constitutional minimum. *See* Reply Br. 21. In *Locurto*, however, we held that the distinction between random acts and established procedures was "immaterial" because in either case notice, a limited pre-deprivation opportunity to be heard, and a full post-deprivation adversarial hearing in the form of an Article 78 proceeding afforded all the process that was due. *Locurto*, 264 F.3d at 175. Here, the distinction has similarly limited force.

accommodation requests—that might indeed violate the requirements of the Due Process Clause, pursuant to which the opportunity to be heard "must be granted … *in a meaningful manner*." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (emphasis added). But the plaintiffs have not alleged sufficient facts to allow the plausible inference that the accommodation process was a sham. Neither the plaintiffs' amended complaint nor their briefing indicates whether the accommodation requests that were denied were frivolous or meritorious. For that reason, the plaintiffs have failed to state a claim that the putative class members who requested accommodations were denied due process. *See Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016) ("The Court must … consider[] whether the 'factual content' 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

This does not end the analysis. The plaintiffs argue that "for those Appellants who did not have either a religious or medical reason for not taking the vaccine, there was no due process at all." Reply Br. 20. The firefighters without a religious objection or medical contraindication to prevent them from taking the vaccine were nonetheless entitled to an opportunity to argue that they could not be terminated for refusing to take the vaccine because the implementation and enforcement of the vaccine mandate violated New York law. But as their counsel conceded at oral argument, the plaintiffs had the opportunity to raise this issue in an Article 78 proceeding, and some NYFD employees have in fact done so successfully. Given the availability of subsequent judicial review under Article 78, the city did not violate the plaintiffs' right to due process by not affording an opportunity to make this argument prior to being terminated or placed on LWOP status. "[A] pre-termination hearing does not purport to resolve the propriety of the discharge, but serves mainly as a check against a mistake being made by ensuring there are reasonable grounds to find the charges against an employee are true and would support his termination." *Locurto*, 264 F.3d at 173-74 (citing *Loudermill*, 470 U.S. at 545-46). We conclude that those plaintiffs who did not have

a religious objection or medical contraindication were also afforded constitutionally sufficient process.

For these reasons, the process afforded to the members of the putative class satisfied the minimum standard set by the federal constitution. While the plaintiffs may have a plausible argument that the process by which the vaccine mandate was implemented and enforced violated state law—in particular, New York's Taylor Law—it is well-established that violations of state law do not, ipso facto, amount to a violation of the federal Due Process Clause. Because the plaintiffs were provided with notice and an opportunity to be heard—including an opportunity to raise their state-law arguments in an Article 78 proceeding—we conclude that there was no federal constitutional violation.

**IV**

Because the plaintiffs did not suffer a due process violation, their remaining arguments cannot prevail. Without an underlying constitutional claim, their § 1983 conspiracy claim fails as a matter of law. *See Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995). The plaintiffs' class claims were also correctly dismissed because a plaintiff in a putative class action "must state a claim in its own right to survive a motion to dismiss." *Plumber & Steamfitters Loc. 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 101 (2d Cir. 2021). If the named plaintiffs fail to state a claim that their constitutional rights were violated, they cannot maintain an action to vindicate the rights of a class of similarly situated plaintiffs.

In addition, the district court appropriately denied the plaintiffs leave to amend on the ground that amendment would be futile, observing that the plaintiffs had already had multiple opportunities to state a cognizable claim. The district court observed that

> after extensive briefing, evidentiary submissions, and a show cause hearing, the Court allowed Plaintiffs an opportunity to amend their complaint. Despite the Court's detailed analysis of Plaintiffs' factual allegations and claims in its December 2021 Order, Plaintiffs have

12

again failed to allege facts supporting their claims. Under these circumstances, and because further amendments would not cure the deficiencies discussed in this opinion, any amendment would be futile.

*Garland*, 2023 WL 2682406, at \*12 (citations omitted). Even with the opportunity to amend, moreover, the plaintiffs decided not to assert claims under state law. Under these circumstances, it was appropriate for the district court to deny leave to amend. *See City of Pontiac Policemen's and Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014) (affirming the denial of leave to amend when the "[p]laintiffs have already had one opportunity to amend their complaint," it was "unlikely that the deficiencies raised with respect to the Amended Complaint were unforeseen by the plaintiffs when they amended," and the "plaintiffs have identified no additional facts or legal theories—either on appeal or to the District Court—they might assert if given leave to amend").

\*       \*       \*

We have considered the plaintiffs' remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court